**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Curtis BRICKZIN, a/k/a Dutch Brickzin, Defendant and Appellant.**

Cr. No. 806.

Supreme Court of North Dakota.

May 13, 1982.

Scott A. Griffeth, of Fay & Griffeth, West Fargo, for defendant and appellant.

Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee.

PAULSON, Justice.

Curtis Henry Brickzin [Brickzin] was charged with two counts of the crime of gross sexual imposition under § 12.1–20–03 of the North Dakota Century Code. A 12-member jury convicted him of the lesser included offense of sexual imposition on each count. § 12.1–20–04, N.D.C.C. Brickzin appealed from the judgment of conviction. We affirm.

The complaining witness and Brickzin were not strangers. They had been acquaintances for several years and, on the evening of March 12, 1981, they had arranged a friendly date. According to the complainant's testimony, an evening of dancing and fun became a nightmare when Brickzin, instead of taking her home, drove to a secluded area and raped her twice. Brickzin admitted engaging in one act of sexual intercourse with the complaint, but contended that her participation was consensual. He denied that the second act of sexual intercourse occurred.

■ On appeal, Brickzin raised for the first time, the question of the constitutionality of the "rape shield" statutes, §§ 12.1–20–14 and 12.1–20–15, N.D.C.C.[1] In prosecutions for gross sexual imposition, sexual imposition, and attempts to commit these crimes, §§ 12.1–20–14 and 12.1–20–15, N.D.C.C., restrict the use of evidence of the complaining witness' sexual conduct.

---

1. Sections 12.1–20–14 and 12.1–20–15, N.D.C.C., provide as follows:

"*12.1–20–14. Admissibility of evidence concerning reputation of complaining witness—Gross sexual imposition and sexual imposition.*—1. In any prosecution for a violation of section 12.1–20–03 or section 12.1–20–04, or for an attempt to commit an offense defined in either of those sections, opinion evidence, reputation evidence, and evidence of specific instances of the com-

plaining witness' sexual conduct, or any of such evidence, is not admissible on behalf of the defendant to prove consent by the complaining witness. This subsection shall not be applicable to evidence of the complaining witness' sexual conduct with the defendant.

"2. If the prosecuting attorney introduces evidence, including testimony of a witness, or the complaining witness gives testimony as a witness, and such evidence or testimony relates to the complaining witness' sexual con-

Under § 12.1–20–14, N.D.C.C., evidence of the complaining witness' sexual conduct is inadmissible to prove consent unless the evidence pertains to the complainant's sexual conduct with the defendant. Section 12.-1–20–15, N.D.C.C., however, permits the introduction of such evidence for the limited purpose of attacking the complainant's credibility. This statute further prescribes a pretrial screening procedure to review the proposed evidence before it can be proffered at trial. The defendant must submit a written motion to the court and prosecutor and an affidavit including an offer of proof must accompany the motion. If the court finds that the offer of proof is sufficient, an *in camera* hearing is held to determine the admissibility of the evidence. *See State v. Piper,* 261 N.W.2d 650, 655 (N.D. 1977).

Brickzin contends that the "rape shield" statutes constitute a legislative attempt to create rules of procedure for the courts. This attempt, he urges, violates the separation of powers' doctrine of the North Dakota Constitution by invading the rulemaking power vested in the Supreme Court by Article VI, § 3 of the State's Constitution.

The North Dakota Supreme Court, in *State v. Hagstrom,* 274 N.W.2d 197, 200 (N.D.1979), stated that:

"The rule is elementary that an issue or contention not raised or considered in the trial court cannot be tried for the first time on appeal from the judgment [citation omitted]; nor will this court consider constitutional questions not raised in the trial court . . . ."

In the instant case Brickzin made no effort to comply with the requirements set forth in § 12.1–20–15, N.D.C.C., and there is nothing in the record that reveals that Brickzin attacked the complainant's credibility with any evidence of her sexual conduct. *Cf., Piper, supra* [defendant's contention that trial court erred in refusing to allow inquiry into complainant's sexual relationship with her boyfriend rejected because of absence of record demonstrating defendant's compliance with § 12.1–20–15, N.D.C.C.]. We conclude that the question of the constitutionality of the "rape shield" statutes is not properly before us in the instant case and decline to address it.

Brickzin is correct in his contention that we have previously addressed constitutional

duct, the defendant may cross-examine the witness who gives such testimony and offer relevant evidence limited specifically to the rebuttal of such evidence introduced by the prosecuting attorney or given by the complaining witness.

"3. This section shall not be construed to make inadmissible any evidence offered to attack the credibility of the complaining witness in the manner authorized by law, by rule of procedure, or by the court in the interests of justice in accordance with the procedure provided in section 12.1–20–15.

"4. As used in sections 12.1–20–14 and 12.1–20–15, 'complaining witness' means the alleged victim of the offense charged, the prosecution of which is the subject of the application of sections 12.1–20–14 and 12.1–20–15.

"*12.1–20–15. Credibility of complaining witness attacked—Procedure.*—In any prosecution for a violation of section 12.1–20–03 or section 12.1–20–04, or for an attempt to commit an offense defined in either of those sections, if evidence of sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness, the following procedure shall be followed:

"1. A written motion shall be made by the defendant to the court and prosecuting attorney stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness.

"2. The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.

"3. If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at such hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant.

"4. At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant in accordance with section 12.1–20–14 and is not legally inadmissible, the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court."

issues under the authority of Rule 52(b) of the North Dakota Rules of Criminal Procedure, even though such issues were not considered by the trial court.[2]  *See State v. Trieb*, 315 N.W.2d 649, 654–655 (N.D.1982) [due process violation in jury instruction]; *State v. Lewis*, 300 N.W.2d 210, 215 (N.D. 1980) [right to counsel at photographic display]; *State v. Schneider*, 270 N.W.2d 787, 792 (N.D.1978) [Fifth Amendment right to remain silent].  The power to notice obvious errors, however, should be exercised "only where a serious injustice has been done to the defendant".  Explanatory Note to Rule 52(b), N.D.R.Crim.P.  In each instance when we have reviewed "obvious error", the asserted error has constituted a positive act committed by either the court, the prosecutor, or the police.  In *Trieb, supra*, a defective instruction was given to the jury.  In *Schneider, supra*, the investigating officer improperly testified that the defendant had invoked his Fifth Amendment privilege.  In the instant case there is nothing in the record indicating that the "rape shield" statutes were considered at any stage of the proceedings.  The fact that Brickzin may have refrained from pursuing a potential avenue of cross-examination, due to an alleged unconstitutionality of the "rape shield" statutes, does not constitute a "serious injustice" which warrants the application of Rule 52(b), N.D.R.Crim.P.

█  We are aware that Brickzin is represented by new counsel on appeal.  Generally, however, new counsel on appeal is limited to the same issues that prior counsel would have been able to raise.  *Rummel v. Rummel*, 265 N.W.2d 230, 232 (N.D.1978).  We see no reason to depart from this well-established rule.

The judgment of conviction is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

**2.**  Rule 52(b), N.D.R.Crim.P., provides:
  "Rule 52—HARMLESS ERROR AND OBVIOUS ERROR

"*(b) Obvious Error.*  Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."