STATE of North Dakota, Plaintiff and Appellee,

v.

Dale D. DENNEY, Defendant and Appellant.

Crim. No. 870051.

Supreme Court of North Dakota.

Dec. 29, 1987.

**182**

Ronald W. McBeth, Asst. State's Atty., Wahpeton, for plaintiff and appellee.

Don R. Krassin, Wahpeton, for defendant and appellant.

MESCHKE, Justice.

Dale D. Denney appealed from his jury conviction of assault on a police officer, arguing only ineffective assistance of counsel. We affirm.

On May 21, 1986, Officer Robert Loeffler stopped Denney for speeding. The State and Denney disagreed about ensuing events.

Denney testified that, after he got out of his car, he was asked for his driver's license and to perform sobriety tests. He heard a police-radio message indicating that his driving privileges were suspended. Denney contended that the officer told him that he would be going to jail for driving under suspension. Denney went to find papers in his car to show the restoration of his driving privileges. He claimed that, as he leaned into the car, the officer grabbed him from behind and that he kicked out to defend himself. (Denney called this the "Capri incident.") The officer next handcuffed Denney and put him into the patrol car. Denney claimed that his cigarette lighter began to slide out of his pocket and, as he retrieved it, the officer burst into the car and grabbed at him. Denney asserted that he was fearful of the officer from the "Capri incident," thought he was being attacked, and kicked out to protect himself.

The State denied that the "Capri incident" took place. Officer Loeffler testified that he believed that Denney may have been driving under the influence. As he awaited the arrival of another officer with a testing machine, Denney tried to smoke, contrary to directions, and then became belligerent. Loeffler arrested him and placed him in the patrol car. When Denney failed to produce a satisfactory sample for the breath testing machine, he was returned to the patrol car, where he lit up a cigarette. He was then removed from the car, handcuffed and returned. Loeffler saw Denney taking a cigarette lighter from his pocket. When he tried to take the lighter away from Denney, Denney kicked him in the face.

Denney was convicted by a jury of simple assault on a police officer. On direct appeal with another counsel, he has claimed that assistance of his trial counsel was defective.

Denney argues various failings by his counsel justify reversal: inappropriate admissions in the opening statement, attempted mid-trial withdrawal, ignoring the "Capri incident," ineffective cross-examination, unreasonable defense theory, and "largely incoherent" closing argument.

We recently announced a new procedure for review of claims about ineffective assistance of counsel. *State v. Ricehill*, 415 N.W.2d 481 (N.D.1987). This accords with the wide recognition that adequacy of counsel's performance at trial cannot normally be measured on direct appeal:

> "A claim that accused was denied the right to the effective assistance of counsel, as where he claims that his counsel was inept, incompetent, and guilty of misconduct in presenting his defense and that he was inadequately represented by counsel, should ... first be raised in the trial court, except where the representation of accused by his counsel is such as to come within the rule that plain errors or defects affecting substantial rights may be noticed on appeal although they were not brought to the attention of the trial court." 24 C.J.S. *Criminal Law* § 1673(2)(1961).

We have recognized before the futility of considering claims about counsel's behavior that have not been examined by the trial court. *State v. Slapnicka*, 376 N.W.2d 33, 36 (N.D.1985). Without a record scrutinizing the reasons underlying counsel's con-

duct, adjudging it subpar is virtually impossible.

■ Now, when defective assistance of counsel is urged on direct appeal, we will look at the entire record. *State v. Ricehill, supra.* If we cannot readily determine that assistance of trial counsel was plainly defective, and no other grounds for reversal exist, the defendant can later pursue his claim at a postconviction proceeding where an adequate record can be developed. *Id.*

■ This record does not sustain Denney's claims. Since Denney has asserted no other issue for review, such as insufficient evidence for conviction, we affirm. If he chooses, Denney can pursue his claims about ineffective assistance of his trial counsel at a postconviction proceeding.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and GIERKE, JJ., concur.