STATE of North Dakota, Plaintiff and Appellee,

v.

August Alden SAYLER, Defendant and Appellant.

Cr. Nos. 880334, 880335.

Supreme Court of North Dakota.

July 18, 1989.

---

Thompson & Thompson, Devils Lake, for defendant and appellant. Submitted on briefs by Scott R. Thompson, Devils Lake.

Lyle Gregory Witham, State's Attorney, Towner, for plaintiff and appellee. Submitted on briefs.

GIERKE, Justice.

This is an appeal by the defendant, August Sayler, from the district court's judgments of conviction entered upon pleas of guilty to two separate counts of gross sexual imposition, each count a class B felony, in violation of Section 12.1–20–03 of the North Dakota Century Code.[1] We affirm.

Sayler was charged in McHenry County with the offense of gross sexual imposition.

---

1. Section 12.1–20–03, N.D.C.C., provides as follows:

"12.1–20–03. Gross sexual imposition.

"1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:

a. He compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being;

b. He or someone with his knowledge has substantially impaired the victim's power to appraise or control his or her conduct by administering or employing without his or her knowledge intoxicants or other means with intent to prevent resistance;

c. He knows that the victim is unaware that a sexual act is being committed upon him or her;

d. The victim is less than fifteen years old; or

e. He knows or has reasonable cause to believe that the other person suffers from a mental disease or defect which renders him or her incapable of understanding the nature of his or her conduct.

"2. A person who engages in sexual contact with another, or who causes another to en-

Sayler, represented by court appointed counsel, was arraigned and entered a not guilty plea to that charge.

At approximately the same time, Sayler was charged in McLean County with the offense of gross sexual imposition and was appointed counsel by the court. Sayler filed a transfer motion pursuant to Rule 20 of the North Dakota Rules of Criminal Procedure in McLean County transferring that charge to McHenry County.[2] Sayler, pursuant to the Rule 20 transfer motion, offered to plead guilty to the McLean County charge and also moved to change his plea to guilty with respect to the McHenry County charge.

A hearing was held on July 27, 1988. At that hearing, Sayler, following the reading of the charges against him, entered pleas of guilty to the two separate counts of the offense of gross sexual imposition. The trial court, after explaining to Sayler his statutory and constitutional rights, accepted Sayler's pleas of guilty and then ordered the preparation of a presentence report.

A sentencing hearing was held on October 7, 1988, at which time the presentence report was reviewed by the trial court. During that hearing, sentencing recommendations were made to the trial court by the state's attorney and Sayler's attorney. Sayler was sentenced to be imprisoned in the State Penitentiary at hard labor for a term of 10 years for each count with credit for 62 days already served. It was further ordered that 5½ years of Sayler's sentence for each count be suspended upon certain conditions, one being that Sayler complete the sexual abuse offender's treatment program at the State Penitentiary. This appeal followed.[3]

Sayler, represented by new counsel on appeal, contends that he was denied effective assistance of counsel and therefore did not knowingly and voluntarily enter pleas of guilty.

Generally, ineffective assistance of counsel claims are most effectively presented in proceedings for post-conviction relief pursuant to Chapter 29–32.1 of the North Dakota Century Code. *State v. Rehling*, 426 N.W.2d 6, 8 (N.D.1988); *State*

gage in sexual contact, is guilty of an offense if:

    a.  The victim is less than fifteen years old; or

    b.  He compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being.

"3.  An offense under this section is a class A felony if in the course of the offense the actor inflicts serious bodily injury upon the victim, or if his conduct violates subdivision a or d of subsection 1. Otherwise the offense is a class B felony."

2.  Rule 20, N.D.R.Crim.P., provides as follows:
"RULE 20—TRANSFER FROM THE COUNTY FOR PLEA AND SENTENCE

    "(a) Indictment, information, or complaint pending. A defendant arrested, held, or present in any county other than that in which the indictment, information, or complaint is pending against him may state in writing that he wishes to plead guilty, to waive trial in the county in which the indictment, information, or complaint is pending and to consent to disposition of the case in the county in which he was arrested, held, or present, subject to the approval of the prosecuting attorney for each county. Upon receipt of the defendant's statement and of the written approval of the prosecuting attorneys,

the clerk of the court or the court in which the indictment, information, or complaint is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court or court for the county in which the defendant is held or present and the prosecution shall continue in that county.

    "(b) Effect of not guilty plea. If, after the proceeding has been transferred pursuant to subdivision (a) of this rule, the defendant pleads not guilty, the clerk of court or the court shall return the papers to the court in which the prosecution was commenced and the proceedings shall be restored to the docket of that court. The defendant's statement that he wishes to plead guilty may not be used against him without his consent."

3.  Subsequent to the filing of this appeal in the instant case, Sayler filed with the district court a motion for a reduction of sentence pursuant to Rule 35 of the North Dakota Rules of Criminal Procedure. Sayler subsequently requested this Court to remand the case back to the district court to allow that court to decide on the Rule 35 motion. This Court granted Sayler's request for remand. On remand, the district court denied Sayler's motion for reduction of the sentence originally imposed.

v. Denney, 417 N.W.2d 181, 182–183 (N.D. 1987); State v. Ricehill, 415 N.W.2d 481, 484–485 (N.D.1987). However, when defective assistance of counsel is urged on direct appeal, we will review the entire record. State v. Denney, supra; State v. Ricehill, supra. If we cannot readily determine that assistance of counsel was plainly defective and there exist no other grounds for reversal, then the defendant can later pursue his claim at a post-conviction proceeding where an adequate record can be developed. State v. Denney, supra; State v. Ricehill, supra.

In State v. McLain, 403 N.W.2d 16, 17 (N.D.1987), this Court set forth the test for determining whether or not a defendant has received effective assistance of counsel:

"The ultimate inquiry in all cases involving an allegation that the defendant was not adequately represented by counsel is whether or not he received reasonably effective assistance of counsel. State v. Micko, 393 N.W.2d 741 (N.D. 1986). We have previously held that the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 [reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864] (1984), is consistent with our earlier decisions which have addressed the issue of ineffective assistance of counsel. Micko, supra; State v. Patten, 353 N.W.2d 30 (N.D.1984). This standard requires the defendant to establish two elements: that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Strickland, supra; State v. Kunkel, 366 N.W.2d 799 (N.D. 1985). The defendant has the burden to prove both elements, and failure to do so is fatal to his claim. Strickland, supra; Micko, supra."

■ In order to prove the first element of the Strickland test which is that

the attorney's performance was deficient, the defendant is required to show that the attorney made errors so serious that he did not function as the "counsel" guaranteed the criminal defendant by the Sixth Amendment. State v. McLain, supra; Strickland v. Washington, supra. Also, with regard to the second element of the Strickland test which is that the deficient performance prejudiced the defense, the defendant must "affirmatively present proof of actual prejudice." State v. McLain, supra at 18; State v. Micko, supra at 747. Accordingly, the question presented under the second element is whether or not there is a reasonable probability that, but for the unprofessional conduct of counsel, the result of the proceeding would have been different.[4] State v. McLain, supra; see also State v. Micko, supra.

■ As previously stated, Sayler argues in the instant case that his guilty pleas were not made freely and voluntarily because he was denied effective assistance of counsel. Sayler argues that his attorney promised him that he would not serve any time in jail and would only receive probation if he plead guilty and therefore he was coerced or mislead into entering guilty pleas.

We note that Sayler has offered no evidence of coercion or deception, but has only asserted that his attorney promised that he would not serve any time in jail if he entered guilty pleas. We further note that while Sayler contends that the fact that his attorney recommended to the trial court outpatient counseling supports his position, we do not believe this fact is sufficient proof that Sayler was promised he would receive probation if he plead guilty. Accordingly, we note that other than Sayler's self serving assertion there is no support in the record for this position.

This Court has previously stated that when there is a contradiction between the

---

4. In State v. McLain, 403 N.W.2d 16, 18 (N.D. 1987), this Court stated that the question in a criminal case becomes whether or not " 'there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting the accused's guilt.' Micko, supra; [State v.] Thompson [359 N.W.2d 374 N.D.1985] supra." This Court also stated that "reasonable probability" was defined in Strickland, 466 U.S. at 694, 104 S.Ct. at 2065, 80 L.Ed.2d at 698, as a probability "sufficient to undermine confidence in the outcome."

record and the unsupported assertion of an accused, we are compelled to accept the record. *State v. Hamann,* 262 N.W.2d 495, 500 (N.D.1978); *State v. Barlow,* 193 N.W.2d 455, 460 (N.D.1971).

In *State v. Storbakken,* 246 N.W.2d 78 (N.D.1976), the defendant claimed that his attorney told him he would receive probation rather than time in jail which was imposed after he entered a guilty plea. This Court determined that because this statement was inconsistent with the statements made by the defendant at the time he entered his plea it had no credibility other than to reflect the defendant's subjective belief at that time. *State v. Storbakken, supra.* This Court also stated that "[a] defendant's own subjective belief that he would receive probation, when unsupported by any promises from the government or indications from the court, is insufficient to invalidate a guilty plea as constituting an unintelligent, unknowing, or involuntary plea." *State v. Storbakken, supra.*

In the instant case, we cannot conclude from an examination of the record that assistance of counsel was constitutionally defective. Accordingly, we affirm without prejudice to Sayler's right to raise the ineffective assistance of counsel issue by means of appropriate post-conviction proceedings. *See State v. Denney, supra; State v. Brown,* 420 N.W.2d 5 (N.D.1988); *State v. Ricehill, supra.*

For the reasons stated, the district court's judgments of conviction are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.