**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Stephanie Lyn BENGSON, Defendant and Appellant.**

**Cr. No. 950194.**

Supreme Court of North Dakota.

Jan. 5, 1996.

Stephen M. McLean, Oakes, for defendant and appellant; submitted on brief.

Robin Huseby, State's Attorney, Valley City, for plaintiff and appellee; submitted on brief.

LEVINE, Justice.

Stephanie Lyn Bengson appeals from a jury conviction of harassment, a violation of section 12.1–17–07, NDCC. She claims ineffective assistance of counsel. We affirm.

Bengson was charged with making "repeated and harassing" telephone calls to the home of her ex-boyfriend's parents. Trial testimony showed that Bengson made thirty-five telephone calls to the home over a two-day period. The jury found her guilty of harassment and she appealed.

On appeal, Bengson claims she received ineffective assistance of counsel. She argues her trial attorney did not sufficiently "explore" whether she had a legitimate purpose for making the telephone calls and did not sufficiently investigate her case.

When a criminal defendant claims ineffective assistance of counsel on direct appeal, we examine the entire record. *State v. Ricehill,* 415 N.W.2d 481 (N.D.1987). If the record affirmatively shows that counsel was ineffective, we will consider the merits of the ineffectiveness claim. *Id.* at 485 When the record is inadequate to show defective assistance, and no other issues are raised, the defendant may pursue the ineffectiveness claim "at a postconviction proceeding where an adequate record can be developed." *State v. Denney,* 417 N.W.2d 181, 183 (N.D.1987).

It is not apparent from the record that Bengson's trial attorney failed to explore the issue of whether Bengson's calls had a legitimate purpose. There is no evidence in the record about the extent of the investigation Bengson's trial attorney conducted. Based on the record before us, we cannot conclude that Bengson's trial attorney conducted a deficient defense.

We affirm.

VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., concur.