STATE of North Dakota, Plaintiff
and Appellee,

v.

Daniel Patrick McDONELL, Defendant
and Appellant.

Criminal No. 950200.

Supreme Court of North Dakota.

May 29, 1996.

Stephen R. Dawson, Assistant State's Attorney, Fargo, for plaintiff and appellee; argued by Allen K. Albright, Assistant State's Attorney.

Brian W. Nelson, Fargo, for defendant and appellant.

SANDSTROM, Justice.

Patrick McDonell entered a woman's home through a window and had sex with her. A jury found him guilty of "Gross Sexual Imposition" and "Criminal Trespass." McDonell appeals those convictions, claiming: 1) the trial court erred in not instructing the jury on a lesser included offense; 2) the trial court erred in admitting evidence of his prior conviction; and 3) he was deprived of effective assistance of counsel in violation of his constitutional rights.

We affirm.

I

McDonell was one of several persons who attended a party held at the victim's house. McDonell testified he left the party when everyone else was leaving. McDonell also testified that before he left, the victim asked him to clandestinely return later. McDonell returned to the victim's house. The front door was locked, and McDonell entered the home through a partially opened window. He went into the victim's bedroom and had sex with her. The victim testified she never invited nor consented to sex with McDonell. The victim testified she was sleeping with her two-year-old son, and she thought the sexual encounter was a dream until she heard McDonell say, "Yeah!" She testified she sat up and said, "No, this ain't right," and heard the door slam. McDonell testified he left the house at about 5:00 a.m.

The victim testified she got out of bed and checked the back door of the house and found it unlocked. When she started to lock the door, she realized she didn't have any pants on. She testified she then clothed herself and called her sister. Her sister did not answer, so she left a message. She then called another friend and reported to him she had been raped. The victim testified she then called the police and reported the incident. While on the phone with the police, she heard footsteps outside the house and started screaming. The police transported the victim to the emergency room for a pelvic examination and tests routinely conducted by the hospital in situations of potential rape.

McDonell testified the entire encounter was consensual and he did not see the victim's little boy in the bed.

The jury found McDonell guilty of "Gross Sexual Imposition," a class B felony, and "Criminal Trespass," a class A misdemeanor. McDonell appeals his convictions, claiming: 1) the trial court erred in not instructing the jury on a lesser included offense to the charge of "Gross Sexual Imposition"; 2) the trial court erred in admitting evidence of his prior conviction; and 3) he did not receive effective assistance of counsel in violation of his constitutional rights.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 29–01–12, –28–06.

II

McDonell contends the trial court erred in not instructing the jury on the lesser included offense of sexual assault. The defendant concedes he did not request the instruction.

■ Sexual assault is a lesser included offense to gross sexual imposition. *See State v. Piper*, 261 N.W.2d 650, 653 (N.D.1977); *State v. Brickzin*, 319 N.W.2d 150 (N.D. 1982). Generally, courts should give an instruction on a lesser included offense if "the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit him of the greater." *State v. Tweed*, 491 N.W.2d 412, 414 (N.D.1992).

■ The fact that McDonell had sex with the victim is undisputed. At trial, McDonell contested the issue of consent. If the jury had believed McDonell's assertion that the

victim consented to the act, they could no more convict on a charge of sexual assault than they could on the charge of gross sexual imposition. Since the only issue was the consent of the victim, an instruction on the lesser included offense of sexual assault would have been improper because the evidence would not permit the jury to rationally convict the defendant of the lesser offense and acquit him of the greater.

The district court properly did not give an instruction on the lesser included offense of sexual assault.

### III

■ McDonell contends the district court erred in allowing testimony concerning his prior conviction to be elicited, warranting reversal.

During the State's cross examination of McDonell, the following testimony was elicited:

"Q: Could you please tell the jury about your prior known conviction?

"A: Criminal trespass.

"Q: You have been convicted of that?

"A: That is correct."

McDonell did not object to the introduction of the testimony, failing to preserve it for review. *State v. Wishnatsky*, 491 N.W.2d 733, 734–735 (N.D.1992).

■ A failure to object will limit our inquiry on appeal to determining if the alleged error constitutes obvious error affecting substantial rights. *Wishnatsky* at 735. "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice." *State v. McNair*, 491 N.W.2d 397, 399 (N.D.1992) (citing *State v. Heintze*, 482 N.W.2d 590, 593 (N.D.1992)). "In our inquiry, we examine the entire record and the probable effect of the alleged error in light of all of the evidence." *State v. Woehlhoff*, 540 N.W.2d 162, 164 (N.D.1995).

N.D.R.Ev. 609 provides for the admission of evidence of an accused's prior conviction if the crime involved dishonesty, or if the crime was punishable by death or imprisonment in excess of one year and the probative value of

the evidence outweighs its prejudicial effect. We cannot tell from the trial court record before us if the evidence met the requirements of N.D.R.Ev. 609. Even if the evidence was objectionable, however, McDonell has not shown us the two short questions and two brief responses manifest "serious injustice." *See State v. Eugene*, 536 N.W.2d 692, 696 (N.D.1995) (holding the admission of evidence concerning a prior conviction, where the defendant did not object and the references to the conviction were brief, "did not likely have a substantial prejudicial effect").

### IV

■ In this direct appeal from the district court, McDonell contends his constitutional rights to effective counsel were violated when: 1) his counsel did not request an instruction on a lesser included offense; 2) his counsel failed to object to the State repeatedly using the word "rape" while questioning the victim; and 3) his counsel "failed to file a motion about prior sexual experience of the victim."

■ Effective assistance of counsel is guaranteed a defendant under the Sixth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, and by N.D. Const. Art. I, § 12. *State v. Ricehill*, 415 N.W.2d 481, 484 (N.D.1987). In analyzing an ineffective assistance of counsel claim, this Court uses the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ricehill; see, e.g., State v. Micko*, 393 N.W.2d 741 (N.D.1986); *State v. Patten*, 353 N.W.2d 30 (N.D.1984). The convicted defendant must show the representation "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ricehill* (quoting *Strickland*). "The heavy presumption is that counsel's conduct fell within the range of reasonableness, and we will not second guess defense strategy through hindsight." *State v. Lefthand*, 523 N.W.2d 63, 69 (N.D.1994).

This Court reviews the entire record on appeal, and "if we can say that the defendant has been denied the effective assistance of counsel, we will reverse and remand for a new trial." *State v. Woehlhoff,* 473 N.W.2d 446, 449 (N.D.1991).

■ We continue to discourage defendants from bringing claims of ineffective assistance of counsel directly from the district court. *See Ricehill; State v. Torres,* 529 N.W.2d 853, 856 (N.D.1995); *State v. Bengson,* 541 N.W.2d 702 (N.D.1996). Unless the record "affirmatively shows ineffectiveness of constitutional dimensions," parties must provide this Court with some evidence in the record to support their claim. *Ricehill* at 485 (quoting *Read v. State,* 430 So.2d 832 (Miss.1983)). The representations and assertions of counsel are not enough. *Ricehill* at 484. We require "some form of proof, e.g., an affidavit by the proposed witness, or testimony in a post-conviction-relief proceeding." *Ricehill.* We recently noted "[w]ithout a record scrutinizing the reasons underlying counsel's conduct, adjudging [counsel's conduct] subpar is virtually impossible." *Torres* (quoting *State v. Denney,* 417 N.W.2d 181, 182–183 (N.D. 1987)).

■ McDonell has not shown this Court that his "trial counsel made errors so serious as not to function as the 'counsel' guaranteed by the Sixth Amendment." *Lefthand* (quoting *State v. Sayler,* 443 N.W.2d 915, 918 (N.D.1989)). When the defendant does not affirmatively show ineffectiveness of counsel of constitutional dimensions, but we affirm on other grounds, we do so without prejudice to defendant's ineffectiveness claim. *Ricehill* at 485 (citing *Read v. State,* 430 So.2d 832 (Miss.1983)).

## V

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

MARING, Justice, concurring specially.

While I agree with the majority opinion, I write separately to note that I do not endorse the method used to introduce prior conviction evidence in this case. Prior conviction evidence, especially when used against a person accused of a crime, is potentially very prejudicial. Such evidence "presents a high risk of undermining accurate factfinding." Wright and Gold, 28 *Federal Practice and Procedure: Evidence* § 6132 at 200 (1993). For this reason, prior conviction evidence may only be admitted against an accused in specific circumstances, for specific reasons, and after consideration by the court. *See* Rule 404(b), N.D.R.Ev. (allowing admission of prior conviction evidence by the court to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown* ") (emphasis added); and Rule 609(a), N.D.R.Ev. (allowing admission against an accused of prior felony conviction evidence for a crime not involving dishonesty or false statement only *"if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused* ") (emphasis added). In this case, there is nothing in the record indicating that the prosecutor made an attempt to gain the court's approval for the admission of prior conviction evidence against McDonell as required by our Rules of Evidence. The use of such trial tactics is unacceptable.

McDonell, however, did not object to the State's introduction of the prior conviction evidence. This court may notice errors that are not brought to the attention of the trial court only when they are obvious errors affecting substantial rights. Rule 52(b), N.D.R.Crim.P. In reviewing nonconstitutional errors, this court determines "whether the error was so prejudicial that substantial injury occurred and a different decision would have resulted without the error." *State v. Eugene,* 536 N.W.2d 692, 696 (N.D. 1995). I agree with the majority that the admission of the prior conviction evidence did not cause substantial injury in this particular case.

I, therefore, concur.