STATE of North Dakota, Plaintiff and Appellee,

v.

Allen Joseph TOUCHE, Defendant and Appellant.

Criminal No. 950325.

Supreme Court of North Dakota.

May 29, 1996.

Douglas Leif Mattson, State's Attorney, Minot, for plaintiff and appellee; argued by Mark A. Flagstad, Assistant State's Attorney.

Tom P. Slorby, Minot, for defendant and appellant.

SANDSTROM, Justice.

Allen Touche was convicted of "terrorizing" for allegedly approaching a woman from behind, holding a weapon to her back, and threatening her. Touche appeals, claiming the district court erroneously allowed a witness to testify, he was denied his constitutional right to effective counsel, and the trial court improperly relied on evidence of a restraining order in finding him guilty of terrorizing.

We affirm.

## I

According to the testimony of the victim, on July 15, 1995, Allen Touche approached Jeannette Norman from behind, held a scissors to her back, and told her he would kill her if she made a sound. As Norman reached for her cellular phone, the two struggled. During the struggle, Norman called out to a neighbor and asked him to call the police. The assailant fled the area. At the time, Touche was under a restraining order to prevent him from contacting Norman.

On July 20, the State issued an information charging Touche with one count of stalking and one count of terrorizing. Touche waived his right to trial by jury and requested a bench trial.

On Friday, August 25, four days before trial was to begin, the State filed an "Amended Information." The amended information added one new witness the State intended to call who was not listed on the original information.

During the trial on Tuesday, August 29, the State called the new witness. The defense objected to the late addition of the witness, and the court overruled that objection. The court ultimately found Touche not guilty of stalking, but guilty of terrorizing. On October 2, the trial court sentenced Touche to five years in prison, with two years suspended on supervised probation.

Touche appeals from his terrorizing conviction, claiming the trial court erred in allowing the new witness to testify, his trial counsel was so ineffective his constitutional right to effective assistance of counsel was prejudiced, and the district court erred in relying on certain evidence in convicting him of terrorizing.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 29–28–06.

## II

Touche contends the trial court erred in allowing the new witness listed in the amended information to testify.

This Court's review "is not to determine whether the record is perfect, but to determine whether the defendant has had a fair trial under the law and whether his conviction is based on evidence establishing his guilt beyond a reasonable doubt." *State v. Halvorson,* 346 N.W.2d 704, 712 (N.D. 1984) (quoting *State v. Manning,* 134 N.W.2d 91, 99 (N.D.1965)). "[E]rrors in the admission or exclusion of evidence and errors or defects in any rulings by the court are not grounds for setting aside a verdict unless refusing to do so would be inconsistent with substantial justice." *Halvorson.* "Our objective . . . is to determine whether the error was so prejudicial that substantial injury resulted and a different decision probably

would have resulted absent the error." *State v. Micko*, 393 N.W.2d 741, 746 (N.D.1986).

■ The State served the amended information on a Friday, four days before trial. After the witness had been sworn, to comply with N.D.R.Crim.P. 7(g), the State moved to endorse on the information the name of the witness.

The criminal justice system "is not a game." *State v. Berger*, 235 N.W.2d 254, 261–262 (N.D.1975). The State should be mindful it is involved in "a process striving for fairness in the administration of justice." *Berger* at 262. Giving notice four days before trial of the State's intention to call a witness the State apparently knew of for some time does not reflect a fair seeking of the administration of justice.

The witness' testimony was brief, however, and not crucial evidence supporting the conviction from which Touche appeals. The witness' testimony concerned Touche's presence at a local nightclub. The witness simply testified he saw Touche approach Norman at a local nightclub and have a conversation with her. The witness was too far away to hear the conversation. Although the trial court briefly discussed the testimony in its decision, the testimony related to the stalking charge and was not critical evidence to the terrorizing charge. The witness' testimony was not "very supportive of the incriminating evidence." *State v. Olson*, 274 N.W.2d 190, 196 (N.D.1978).

■ Touche has not shown that allowing the short testimony, if it was error, was so prejudicial substantial injury resulted. Although we do not reverse, our opinion should not be read to condone the State's practice even if the testimony was not crucial. Continuation of this practice by the State could cause a different result in the future. *Madison v. North Dakota Department of Transportation*, 503 N.W.2d 243 (N.D.1993).

### III

Touche also contends this Court should reverse his conviction because his constitutionally guaranteed right to effective assistance of counsel was violated. Touche asserts this error on a direct appeal from the district court.

■ Effective assistance of counsel is guaranteed a defendant under the Sixth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, and by N.D. Const. Art. I, § 12. *State v. Ricehill*, 415 N.W.2d 481, 484 (N.D.1987). In analyzing an ineffective assistance of counsel claim, this Court uses the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ricehill; see, e.g., State v. Micko*, 393 N.W.2d 741 (N.D.1986); *State v. Patten*, 353 N.W.2d 30 (N.D.1984). The convicted defendant must show the representation "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ricehill* (quoting *Strickland*). "The heavy presumption is that counsel's conduct fell within the range of reasonableness, and we will not second guess defense strategy through hindsight." *State v. Lefthand*, 523 N.W.2d 63, 69 (N.D.1994).

■ This Court reviews the entire record on appeal, and "if we can say that the defendant has been denied the effective assistance of counsel, we will reverse and remand for a new trial." *State v. Woehlhoff*, 473 N.W.2d 446, 449 (N.D.1991).

■ We continue to discourage defendants from bringing claims of ineffective assistance of counsel directly from the district court. *See Ricehill; State v. Torres*, 529 N.W.2d 853, 856 (N.D.1995); *State v. Bengson*, 541 N.W.2d 702 (N.D.1996). Unless the record "affirmatively shows ineffectiveness of constitutional dimensions," parties must provide this Court with some evidence in the record to support their claim. *Ricehill* at 485 (quoting *Read v. State*, 430 So.2d 832 (Miss.1983)). The representations and assertions of counsel are not enough. *Ricehill* at 484. We require "some form of proof, e.g., an affidavit by the proposed witness, or testimony in a post-conviction-relief proceeding." *Ricehill.* We recently noted "[w]ithout a record scrutinizing the reasons underlying counsel's con-

duct, adjudging [counsel's conduct] subpar is virtually impossible." *Torres* (quoting *State v. Denney,* 417 N.W.2d 181, 182–183 (N.D. 1987)).

 Touche has not shown his "trial counsel made errors so serious as not to function as the 'counsel' guaranteed by the Sixth Amendment." *Lefthand* (quoting *State v. Sayler,* 443 N.W.2d 915, 918 (N.D.1989)). When the defendant does not affirmatively show ineffectiveness of counsel of constitutional dimensions, but we affirm on other grounds, we do so without prejudice to defendant's ineffectiveness claim. *Ricehill* at 485 (citing *Read v. State,* 430 So.2d 832 (Miss. 1983)).

### IV

 Finally, Touche contends because the district court dismissed the stalking charge due to the State's failure to introduce a certified copy of the restraining order, the district court could not rely on the victim's testimony concerning the restraining order in convicting him of terrorizing.

The crime of terrorizing requires an intent to place another in fear, or a reckless disregard of the risk of causing such terror. N.D.C.C. § 12.1–17–04. In its opinion, the trial court stated, "We have the testimony of Ms. Norman that she was afraid and she testified she got a restraining order against the defendant. That would show certainly some fear of the defendant and her testimony today was that she was afraid of the defendant."

Touche does not cite caselaw or statute that the failure to fulfill a procedural requirement for one charge precludes the court from considering relevant evidence of another charge. This issue is without merit.

### V

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.