1998 ND APP 15

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Robbie D. ROBERSON, Defendant and Appellant.**

**Criminal No. 980078CA.**

Court of Appeals of North Dakota.

Nov. 30, 1998.

Marvin M. Hager, Bismarck, ND, for defendant and appellant.

Ladd R. Erickson, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

PER CURIAM.

[¶ 1] Robbie D. Roberson appealed from a judgment of conviction entered on a jury verdict of guilty for driving under the influence of intoxicating liquor. We conclude the evidence was sufficient to support the conviction and Roberson's trial counsel was not ineffective on the face of the record of the trial court proceedings. We therefore affirm.

[¶ 2] In the early morning hours of June 29, 1997, Roberson was driving a pickup at a high rate of speed east on Interstate 94 between Bismarck and Mandan when he failed to negotiate the McKenzie Drive exit and rolled the pickup over three or four times. Passersby called emergency services and went to assist Roberson. The pickup was lying on its side, and two people helped Roberson get out of it. Roberson began "staggering" across a field into a wooded area near the accident scene. When law enforcement officers arrived, they searched and found Roberson lying in the weeds. Roberson was uncooperative, belligerent, and swore at them. The officers smelled a strong odor of alcohol on Roberson's breath, his speech was slurred, and he had bloodshot and watery eyes.

[¶ 3] Roberson was taken by ambulance to a hospital where he continued to be uncooperative with medical personnel and the officers. When asked if he would submit to a chemical test to check for blood alcohol content, Roberson swore at the officer. Roberson was not given a chemical test. After being treated at the hospital for about one hour, Roberson was released into the custody of his mother.

[¶ 4] Roberson was charged with driving a motor vehicle while under the influence of intoxicating liquor in violation of N.D.C.C. § 39–08–01. A jury returned a verdict of guilty on the charge, and Roberson, represented by an attorney different than his trial attorney, appealed.

[¶ 5] Roberson asserts the evidence was insufficient to support the jury's verdict of guilty. We disagree.

[¶ 6] Appellate review of the sufficiency of the evidence for a jury verdict is very limited. *State v. Esparza*, 1998 ND 13, ¶ 17, 575 N.W.2d 203. The reviewing court looks only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *State v. Kunkel*, 548 N.W.2d 773 (N.D.1996). We do not reweigh conflicting evidence or the credibility of witnesses. *City of Fargo v. Brennan*, 543 N.W.2d 240, 243 (N.D.1996). We will not reverse a criminal conviction unless, after viewing the evidence in the light most favorable to the prosecution and giving it the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *State v. Gonderman*, 531 N.W.2d 11, 16 (N.D.1995). The defendant has the burden of showing the evidence establishes no reasonable inference of guilt. *State v. Zurmiller*, 544 N.W.2d 139, 141 (N.D.1996).

[¶ 7] The jury's verdict is supported by the testimony of law enforcement officers who said they observed Roberson in an intoxicated state and by the testimony of a passing motorist who said he saw Roberson driving erratically and "staggering" after the accident. Roberson testified he had not consumed any alcohol, the accident was caused by mechanical problems with the pickup, and his disoriented behavior was attributable to a head injury. This testimony was obviously rejected by the jury. We conclude there is substantial evidence to support the jury's verdict.

[¶ 8] Roberson asserts he received ineffective assistance of counsel because his trial attorney failed to object to instances of prosecutorial misconduct.

[¶ 9] To establish an ineffective assistance of counsel claim, the defendant must show the representation fell below an objective standard of reasonableness and there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Touche*, 549 N.W.2d 193, 195 (N.D.1996). The North Dakota Supreme Court has repeatedly said ineffective assistance of counsel claims generally should be raised in postconviction proceedings where an evidentiary record can be made. *See, e.g., State v. Ricehill*, 415 N.W.2d 481 (N.D.1987). Nevertheless, when an ineffective assistance of counsel argument is raised on direct appeal, the appellate court will review the entire record to determine if assistance of counsel was plainly defective, requiring a reversal of the conviction. *State v. Norman*, 507 N.W.2d 522, 525 (N.D.1993). Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the defendant must provide the court with some evidence in the record to support the claim. *State v. McDonell*, 550 N.W.2d 62, 65 (N.D.1996). Some form of proof is required, and the representations and assertions of new counsel are not enough. *State v. Falcon*, 546 N.W.2d 835, 837 (N.D.1996). The North Dakota Supreme Court has recognized the futility of considering ineffective assistance of counsel claims that have not been examined by the trial court, noting "[w]ithout a record scrutinizing the reasons underlying counsel's conduct, adjudging it subpar is virtually impossible." *State v. Torres*, 529 N.W.2d 853, 856 (N.D.1995) (citations omitted). When the record on direct appeal is inadequate to show defective assistance, the defendant may pursue the ineffectiveness claim at a postconviction proceeding

where an adequate record can be made. *State v. Bengson,* 541 N.W.2d 702, 703 (N.D. 1996).

[¶ 10] Roberson asserts it was obvious error of constitutional dimensions under N.D.R.Crim.P. 52(b) for his trial attorney to fail to object to the prosecutor's opening statement that "he would not call out of state witnesses since they would be the same as police officers that would be testifying." Roberson mischaracterizes the prosecutor's remarks. What the prosecutor actually told the jury was:

> [T]here were some other people, but I will only be calling Mr. Carman. I wouldn't call the other people from out of state. Mr. Carman will cover the same evidence as the other witnesses.

[¶ 11] While we do not approve of the prosecutor's comment about Carman "cover[ing] the same evidence" as other uncalled witnesses, its prejudicial effect, if any, was minimal. The jury was instructed "arguments of the attorneys" must not be considered as evidence. A jury is presumed to follow instructions provided by the court. *State v. Asbridge,* 555 N.W.2d 571, 575 (N.D. 1996). Under these circumstances, we cannot say trial counsel's failure to object was obvious error of constitutional dimensions to establish ineffective assistance of counsel.

[¶ 12] Roberson asserts it was obvious error of constitutional dimensions for his trial counsel to fail to object or ask for a curative instruction when a law enforcement officer testified he asked Roberson to take a blood alcohol test before Roberson was formally placed under arrest, and Roberson refused. Roberson claims this was in violation of N.D.C.C. § 39–20–01. *See Throlson v. Backes,* 466 N.W.2d 124, 128 (N.D.1991) (holding if defendant is not advised he is or will be charged with DUI, a failure to submit to chemical test is not a "refusal" under N.D.C.C. ch. 39–20). We reject Roberson's argument. The jury was not instructed that a refusal to submit to a blood alcohol test may be considered in deciding the question of guilt or innocence, *see State v. Murphy,* 516 N.W.2d 285, 287 (N.D.1994), and failure to object may have been a matter of trial tactics. In any event, this alleged error by trial counsel does not rise to constitutional dimensions.

[¶ 13] Roberson also asserts his trial counsel was ineffective for failing to present to the jury a videotape he had taken of the accident site. However, there is no showing on the record what the videotape would depict or what its relevance would have been to the trial proceedings. This alleged error does not rise to constitutional dimensions.

[¶ 14] We cannot conclude from this record that Roberson's trial attorney conducted a deficient defense.

[¶ 15] The judgment is affirmed.

[¶ 16] GERALD G. GLASER, Surrogate Judge, and DAVID W. NELSON and MAURICE R. HUNKE, District Judges, concur.