**The STATE of North Dakota, Plaintiff and Appellee,**

v.

**Courtney WOEHLHOFF, Defendant and Appellant.**

**Cr. No. 900362.**

Supreme Court of North Dakota.

July 31, 1991.

---

3. See, supra, note 2.

4. See, supra, note 2.

5. See, supra, note 2.

Allen M. Koppy, State's Atty., Mandan, for plaintiff and appellee.

Rolf P. Sletten, Bismarck, for defendant and appellant. Appearance by Courtney Woehlhoff.

VANDE WALLE, Justice.

Courtney Woehlhoff appealed from a judgment of conviction, following a jury trial, for theft of property in violation of Section 12.1–23–02, NDCC. We affirm the judgment of conviction with the understanding that Woehlhoff is free to raise his allegation of ineffective assistance of counsel through a post-conviction proceeding.

Woehlhoff was charged with possession of a stolen all-terrain vehicle (ATV). He was arrested on an arrest warrant that resulted from a tip that Woehlhoff was attempting to sell a stolen ATV from the back of his pickup at Bismarck State College where he was a student, investigation of that tip and a search warrant which authorized the police officers to search Woehlhoff's pickup. The execution of that warrant revealed the stolen ATV in the back of the pickup.

Woehlhoff raises five issues on appeal: (1) that the criminal information did not inform him of the precise nature and cause of the accusation; (2) that the search warrant violated his constitutional rights; (3) that he did not have effective assistance of counsel; (4) that the trial court did not

have jurisdiction, and (5) that the trial judge was prejudiced.[1]

■ The first issue arises out of an amended information filed immediately before trial. The original information, filed some months prior to trial, alleged that Woehlhoff knowingly "receives, retains, or disposes of property of another which has been stolen, with intent to deprive the owner thereof; to-wit: The defendant was in possession of 1990 Polaris 4X4 model 250 ATV, bearing serial number 1721783, belonging to Martell's Incorporated of Wishek, North Dakota, and having a value in excess of $500.00." The amended information filed immediately prior to trial, alleged that Woehlhoff knowingly "retains the property of another...." The amendment thus deleted the allegation that Woehlhoff knowingly "receives or disposes" of the property.

Woehlhoff alleges that as a result of that amendment his rights under the 6th Amendment to the United States Constitution were violated in that he did not have time to prepare for trial and that he was not adequately informed of the accusation against him. The State contends that the allegations that Woehlhoff knowingly received or disposed of the property were dealt with at a pre-trial conference immediately prior to trial when the State conceded it had no evidence to offer at trial which would support those allegations.[2]

Woehlhoff was "informed of the nature and cause of the accusation" against him as required by the 6th Amendment to the United States Constitution. Rule 7(e), NDRCrimP, which parallels the language of Rule 7(e), FRCrimP, provides that the court "may permit an information to be amended at any time before verdict or finding, if no additional or different offense is charged and substantial rights of the defendant are not prejudiced."

The amended information did not add an additional or different offense. It deleted two allegations and retained a third. No substantial rights of the defendant are prejudiced by the deletion of charges. "When words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential elements of the offense, they may be treated as surplusage and wholly disregarded." *City of Minot v. Bjelland*, 452 N.W.2d 348, 350 (N.D.1990), quoting *State v. Hefta*, 88 N.W.2d 626, 629 (N.D.1958). *See* Rule 7(d), NDRCrimP, [Unnecessary allegations may be disregarded as surplusage]. *See also State v. Bourbeau*, 250 N.W.2d 259 (N.D.1977) [Where defendants were charged with having knowingly received or retained the property of another, which had been stolen, an amendment of the information at the close of the State's evidence, changing the charge to "knowingly exercising unauthorized control over the property of another ..." did not charge a different offense or prejudice substantial rights of the defendant in violation of Rule 7(e), NDRCrimP].

■ In his second statement of error on appeal, Woehlhoff argues that the search warrant was improvidently issued in that there was no probable cause to support the application for the search warrant as required by the 4th Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution. We will not detail the facts upon which Woehlhoff rests this statement of error. The issue of the validity of the search warrant was not raised before the trial court in a motion to suppress the evidence

1. Woehlhoff prepared his own brief on appeal and the issues outlined herein are the issues presented in that brief. By the time the reply brief was due, Woehlhoff was represented by Mr. Sletten and the reply brief was prepared by Mr. Sletten who also argued the case before this court.

2. The State contends in its brief that "(t)he allegation of 'knowingly receiving' or 'knowingly disposed of' were dropped by the State during a pre-trial conference on or about September 18, 1990. At that conference which has not been transcribed, the State agreed that the 'receiving' and 'disposing of' allegations were surplusage, in support of which no evidence could be offered at trial." Regardless of the manner in which the amendment was made, we conclude the amendment was without prejudice to Woehlhoff.

acquired as a result of that search warrant. Rule 12(b)(3), NDRCrimP, requires that a motion to suppress evidence on the ground that it was illegally obtained must be raised prior to trial. *See also* Rule 41(e) and (f), NDRCrimP. However, if the movant establishes just cause for the failure to timely raise the objection, the trial court may, in its discretion, permit the objection during trial. Rule 12(f) NDRCrimP. Woehlhoff concedes no such motion was made prior to nor during trial. Where a defendant does not make a pretrial motion to suppress illegally obtained evidence, the defendant may not raise that issue on appeal. *State v. Raywalt*, 436 N.W.2d 234 (N.D.1989); *State v. Valgren*, 411 N.W.2d 390 (N.D.1987); *State v. Demery,* 331 N.W.2d 7 (N.D.1983).

■ Because it was not raised in the trial court, Woehlhoff's contention that the search warrant was in violation of the requirement in our State and Federal Constitutions that no warrant should issue except upon probable cause cannot be considered or determined in the context of this appeal. However, that same contention plays a significant role in Woehlhoff's 3rd statement of error, i.e., that he was denied effective assistance of counsel. The gravamen[3] of this statement of error is that Woehlhoff's trial counsel should have moved to suppress the evidence acquired by the State as a result of the search warrant because, Woehlhoff argues, the search warrant was issued without probable cause. He asks that we conclude, as a matter of law, that he was denied effective assistance of counsel.

We recognized in *State v. Patten*, 353 N.W.2d 30 (N.D.1984) that the standard articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)—that a defendant who claims ineffective assistance of counsel must establish

two elements: the counsel's performance was deficient and the deficient performance prejudiced the defendant—was in harmony with previous decisions of this court that have considered claims of ineffective assistance of counsel. We have continued to adhere to that standard in subsequent decisions. *See, e.g., State v. Kunkel*, 366 N.W.2d 799 (N.D.1985).

But, in *State v. Ricehill*, 415 N.W.2d 481 (N.D.1987), we outlined a procedure whereby claims of ineffective assistance of counsel would be reviewed: (1) Any defendant may raise the issue of ineffective assistance of counsel on direct appeal from the judgment of conviction even though the issue has not been raised in the trial court. We will review the entire record on appeal and if we can say that the defendant has been denied the effective assistance of counsel, we will reverse and remand for a new trial. (2) If we are unable to conclude from the record on appeal that the defendant's trial counsel was ineffective, and if we affirm on other issues in the case, we will affirm the judgment of conviction without prejudice to the defendant's right to raise the ineffective-assistance-of-counsel issue via appropriate post-conviction proceedings. We have adhered to that procedure in subsequent cases. *See State v. Pollack*, 462 N.W.2d 119 (N.D.1990); *State v. Sayler*, 443 N.W.2d 915 (N.D.1989), and cases cited therein.

Pursuant to the *Ricehill* procedure, we have reviewed the entire record in this case and, without determining whether or not it should have been granted, it appears that a motion to suppress the evidence of the search warrant would have been appropriate. Nevertheless, we stop short of concluding that the failure to make that motion constituted ineffective assistance of counsel.

---

3. In his *pro se* brief, Woehlhoff alleges 15 instances of ineffective assistance of counsel, some of which include the validity of the search warrant. Mr. Sletten, in the reply brief, contends that Woehlhoff was denied effective assistance of counsel because trial counsel failed to bring a motion to suppress evidence and there was not probable cause to support the application for a search warrant. Insofar as the other matters listed by Woehlhoff in his brief are concerned, we determine they are either without merit, have no support in the record, or are matters which can only be determined through a post-conviction hearing, and thus do not constitute grounds for reversal.

In looking at the entire record, including the transcript of the trial, we observe that the core of Woehlhoff's defense was not that he did not possess the ATV, but to the contrary, that he possessed it openly. He testified at trial and continued to maintain at sentencing that he had purchased it from another person without knowledge it was stolen and thus did not possess or retain stolen property knowingly. This account of what transpired is presumably what Woehlhoff told trial counsel. It may have been trial strategy decided upon between Woehlhoff and trial counsel that a motion to suppress the evidence was inconsistent with that account. They may have concluded that a motion to suppress the evidence was inconsequential in view of the fact Woehlhoff was in open possession of the ATV on the back of the pickup he drove, thus permitting possession to be proven even if the evidence secured by the search warrant was suppressed. For those reasons, we believe this matter can only be determined at a full hearing before the trial court in a post-conviction proceeding. There Woehlhoff, as well as trial counsel, may testify.

The other matters raised by Woehlhoff in his *pro se* brief concerning ineffective counsel are either without merit or also involve matters which are not apparent upon the record. Woehlhoff is free to raise those matters in a post conviction proceeding.

■ Woehlhoff's 4th statement of error may be disposed of summarily. Relying on that portion of the 6th Amendment to the United State Constitution which provides that the defendant has the right to trial in the "district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . ." he contends that he should have been tried in Burleigh County where he purchased the ATV. The matter of venue of a criminal action in State court is governed by Rule 18, NDRCrimP, which is similar to the 6th Amendment venue clause. That rule provides that in all criminal prosecutions, the trial shall be in the county in which the offense was committed except as otherwise

provided by law. Woehlhoff was charged with knowingly retaining stolen property. The allegation that he knowingly received stolen property was deleted. The evidence indicated he retained the property in Morton County. Whether or not he received the property in Burleigh County is irrelevant. The statement of error is without merit.

■ Woehlhoff's 5th and final statement of error is that the trial judge was prejudiced against him because of statements the judge made at sentencing concerning Woehlhoff's past criminal record. Section 12.1–32–04, NDCC, sets forth the factors to be considered in sentencing decisions. Those factors include, among several others, the defendant's history of prior delinquency or criminal activity, whether he has led a law abiding life, and whether the character, history, and attitudes of the defendant indicate that he is likely to commit another crime. A trial judge should be influenced by these factors and the trial judge's comments in this case reflect the influence Woehlhoff's criminal record, character and history had on his sentencing determination. That is the type of "prejudice" which the law not only tolerates but requires of judges in sentencing criminal defendants. It is a prejudice created by the defendant's own behavior, and is the consequence faced by a defendant who fails to obey the rules our society imposes on those who live therein.

The judgment of conviction is affirmed without prejudice to Woehlhoff's right to raise the ineffective-assistance-of-counsel issue by means of appropriate post-conviction proceedings.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.