Courtney **WOEHLHOFF**, Petitioner and Appellant,

v.

The **STATE** of North Dakota, Respondent and Appellee.

Cr. No. 910385.

Supreme Court of North Dakota.

June 25, 1992.

Rolf P. Sletten, Bismarck, for petitioner and appellant.

Allen M. Koppy, State's Atty., Mandan, for respondent and appellee.

VANDE WALLE, Justice.

Courtney Woehlhoff appealed from a district court order denying his application for post-conviction relief. We affirm.

Woehlhoff was convicted of theft of property. In his appeal from that conviction, he raised several issues, including an allegation of ineffective assistance of counsel. We affirmed the conviction without prejudice to Woehlhoff's right to raise the ineffective-assistance-of-counsel issue in post-conviction relief proceedings. *State v. Woehlhoff*, 473 N.W.2d 446 (N.D.1991). Woehlhoff applied for relief pursuant to section 29–32.1–01, NDCC, based on his trial lawyer's failure to bring a motion to suppress evidence. After a hearing, the district court denied Woehlhoff's petition and this appeal followed.

■ Our state and federal constitutions guarantee criminal defendants the right to reasonably effective assistance of counsel. N.D. Const., Art. I, § 12; U.S. Const.Amends. 6, 14; *Houle v. State*, 482 N.W.2d 24 (N.D.1992). Consequently, ineffective assistance of counsel is one ground for relief from a criminal conviction under our post-conviction procedure act. NDCC § 29–32.1–01(1)(a). The United States Supreme Court has stated a two-part test for allegedly ineffective assistance of counsel, and we use this test to assess claims based on the state constitution. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Houle, supra; State v. Patten*, 353 N.W.2d 30 (N.D.1984). First, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. at 2064. Second, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. Thus, a defendant must demonstrate both deficient representation by counsel *and* prejudice caused by the deficient representation. *Houle, supra.*

■ Woehlhoff contends that our statements in *State v. Woehlhoff, supra,* indicate the only issue is whether or not trial counsel had some justifiable reason for not moving to suppress the evidence obtained as a result of the search warrant, i.e., whether or not trial counsel's representation fell below an objective standard of reasonableness. In *State v. Woehlhoff,* we said that "without determining whether or not it should have been granted, it appears that a motion to suppress the evidence of the search warrant would have been appropriate. Nevertheless, we stop short of concluding that the failure to make that motion constituted ineffective assistance of counsel." 473 N.W.2d at 449. We then hypothesized two possible reasons why trial counsel may not have moved to suppress

the evidence obtained as a result of the search warrant. Our statements followed our discussion of our decision in *State v. Ricehill*, 415 N.W.2d 481 (N.D.1987), wherein we adopted a procedure that only when we are able to conclude from the record that defendant's trial counsel was ineffective will we reverse and remand for a new trial. Thus, in most instances, the issue of ineffective assistance of counsel should be raised before the trial court and a hearing held. We specifically noted that because it was not raised in the trial court, "Woehlhoff's contention that the search warrant was in violation of the requirement in our State and Federal Constitutions that no warrant should issue except upon probable cause cannot be considered or determined in the context of this appeal." 473 N.W.2d at 449.

■ Simply because an attack on the judgment of conviction premised on an allegation of ineffective assistance of counsel implicates an alleged faulty search warrant, the validity of which is ordinarily reviewed as a matter of law, [*see, e.g., State v. Handtmann*, 437 N.W.2d 830 (N.D.1989) ], does not obviate the need for a post-conviction procedure. Even matters of law are best resolved after a full development of the underlying facts. *See, e.g., Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445 (N.D.1987). Therefore, our statement in *State v. Woehlhoff* cannot be read to mean we have determined the warrant was invalid, particularly in view of our express refusal to consider the issue on that appeal.

The trial court's denial of Woehlhoff's application for relief was based solely on its finding that there was no prejudice, i.e., that the results would not have been different if trial counsel had moved to suppress the evidence obtained as a result of the search warrant. Although Woehlhoff and the State presented evidence of defense counsel's reasons for not making a motion to suppress, the lower court did not make any findings respecting the standard of professional care required or whether defense counsel met that standard. Rather, the court concluded that the motion would

not have been granted because there was probable cause to support the warrant. We, therefore, review only the issue of prejudice.

■ Whether probable cause exists is a question of law. *State v. Birk*, 484 N.W.2d 834 (N.D.1992). "[P]robable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Ringquist*, 433 N.W.2d 207, 212 (N.D.1988).

■ The problem of assessing the validity of a warrant increases when the finding of probable cause is based on information supplied by an anonymous informant. In such a case, the informant must supply information from which one may conclude that the informant is honest and his information is reliable, or from which the informant's basis of knowledge can be assessed. *State v. Thompson*, 369 N.W.2d 363 (N.D. 1985). If the informant does not supply the information necessary to evaluate the tip, the police must, through independent investigation, corroborate the tip or develop other sources of information leading to the conclusion that evidence of a crime will probably be found in a particular place. *State v. Birk, supra.*

■ Whether probable cause exists is judged by reviewing the "totality of the circumstances" presented to the magistrate, not by a piece-by-piece, hyper-technical review of the information offered in support of the warrant application. *Ringquist, supra.* In fact, the magistrate is expected to make a common sense determination of probable cause; on appeal, our only task is to judge whether substantial proof supports the probable cause determination. *Birk, supra.*

■ Applying these principals, Woehlhoff argues that we must conclude that the magistrate lacked probable cause to believe that the object under the tarp was stolen because the only information available was from a tipster whose identity and character were unknown, and whose information

proved unreliable. We do not agree with Woehlhoff's characterization of the facts.

The magistrate issued a search warrant as a result of the testimony of Bismarck Police Officer Cliff Emmert stating that the authorities had received a tip on a "hot line" which said that Courtney Woehlhoff, a student at Bismarck State College, was trying to sell an all terrain vehicle (ATV) which had been stolen from Wishek. The caller said the ATV was under a blue tarp in the back of an orange 1977 Ford pickup located near the technical center at BSC. Emmert contacted the McIntosh County Sheriff and confirmed that a burglary had occurred in Wishek and that an ATV had been stolen. In addition, Emmert reviewed a teletype sent the day of the theft which reported that a pickup with smooth tires had been used in the burglary. Using a stolen vehicle report filed in Mandan, Emmert discovered that Woehlhoff drove an orange Ford three-quarter ton pickup.

Emmert went to the BSC campus. While the pickup was not at the technical center, Emmert talked to an instructor and discovered that Woehlhoff was a student, had recently moved and was given Woehlhoff's new address by a student.

Emmert went to the Mandan address given to him at BSC, with Mandan Police Officer Ron Krivarchka, and found the pickup with an object covered with a blue tarp which was the size of an ATV. The pickup had smooth tires.

In addition to the facts set out above, Emmert testified that he knew Woehlhoff because he had questioned Woehlhoff in conjunction with a previous arrest and conviction for theft.

Of the facts asserted by the tipster, three points could not be verified. The tipster was wrong about the year of Woehlhoff's truck. The truck was not located where the tipster said it was, but Emmert verified that Woehlhoff was a student in the technical center at BSC, making possible the presence of Woehlhoff and his pickup at that location at the time of the call. The mobility of a motor vehicle distinguishes Woehlhoff's case from others in which we have said that information relat-

ing to criminal activity at one location does not support a warrant to search another location. *E.g. State v. Mische*, 448 N.W.2d 415 (N.D.1989). Here, the information related to one vehicle at changing locations. The last fact the police were not able to verify was the fact that the object in the pickup was a stolen ATV. We do not agree with Woehlhoff's characterization of the tip as "unreliable."

Woehlhoff also contends that his case is analogous to *State v. Thompson*, 369 N.W.2d 363 (N.D.1985). In *Thompson*, the police received an anonymous tip alleging the suspects had a large supply of marijuana in their house and giving biographical details relating to the Thompson's living arrangements, jobs, and physical descriptions. The police verified these "innocent" facts. Reviewing the tip received and the verification made by the police, we concluded that the application for a warrant was supported by nothing more "than a most tenuous and conclusory suggestion that the Thompsons were involved in criminal activity." 369 N.W.2d at 372. Accordingly, we affirmed the suppression of evidence obtained in executing the warrant.

Woehlhoff's case is distinguishable from that of the Thompsons. In this case, the police went beyond the verification of "innocent" facts asserted in the tip. Emmert confirmed that an ATV was stolen in a Wishek burglary, and discovered that a pickup with smooth tires was used in that burglary. Emmert confirmed Woehlhoff's control of a pickup with smooth tires. Finally, Emmert knew of, and informed the magistrate of, Woehlhoff's prior theft conviction.

Woehlhoff also argues that these innocent facts were such that "everyone could see." While the details in the tip—i.e., the color of the truck and tarp, Woehlhoff's enrollment at BSC—may have been easily discoverable, Woehlhoff has not shown that in this case the public knew, or could know, what had been stolen in the burglary, that a truck with smooth tires was involved in the burglary, or that Woehlhoff had a prior conviction for theft. We are not prepared to assume that the contents

of a police teletype are objects of public knowledge.

From this information, the magistrate concluded that there was a fair probability that the object in the back of Woehlhoff's truck was a stolen ATV and he authorized the warrant for the search of the truck. We conclude that, under these circumstances, the magistrate had substantial reason to conclude that a search would uncover evidence of wrongdoing; therefore, probable cause existed for the issuance of the warrant. It follows that even if defense counsel should have made the motion to suppress, the representation Woehlhoff received was not constitutionally deficient because he was not prejudiced.

The order of the district court is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and JOHNSON, JJ., concur.