**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Courtney D. WOEHLHOFF, Defendant and Appellant.**

**Cr. No. 940086.**

Supreme Court of North Dakota.

Nov. 30, 1995.

Francis C. Rohrich, Emmons County State's Attorney, Linton, for plaintiff and appellee.

Ross H. Espeseth, Bismarck, for defendant and appellant.

VANDE WALLE, Chief Justice.

Courtney D. Woehlhoff appealed from a judgment of conviction finding him guilty of burglary in violation of section 12.1–22–02, NDCC, and of theft of property in violation of section 12.1–23–02, NDCC. We affirm the judgment of conviction.

A Complaint was issued charging Courtney Woehlhoff with the burglary and theft at Bosch's Butcher Shop in Linton, North Dakota. The Complaint alleged that the burglary and theft took place in the late evening of February 18, 1993, or on the early morning of February 19, 1993, and that Woehlhoff took meat valued at approximately $2,600. A jury trial was held and Woehlhoff was convicted of both counts. Woehlhoff's Motion for New Trial was denied.

█ Woehlhoff asserts that the trial court erred when it gave the jury the following "proof of the offense" instruction for the theft of property charge:

"To justify a verdict of Guilty on a count, the following facts must each be proved beyond a reasonable doubt as to that count:

. . .

*As to Count II:*

1. That the defendant knowingly took or exercised unauthorized control over property of another.

2. That the value of the property taken was in excess of $500.

3. That the crime was committed in Emmons County, North Dakota."

Because this particular instruction did not include an element of the theft offense, which element being "with intent to deprive the owner thereof," Woehlhoff argues that the jury was not required to find him guilty beyond a reasonable doubt as to each element of the theft charge. *See* N.D. Cent. Code § 12.1–23–02; *State v. Johnson,* 425 N.W.2d 903, 905 (N.D.1988) [stating that the State must prove three elements to establish theft of property].

█ Woehlhoff did not object to this instruction at trial and raises the issue for the first time on appeal. Therefore, we will reverse only if the trial court's instruction to the jury constituted obvious error affecting the substantial rights of the defendant under Rule 52(b), N.D.R.Crim. P. *See, e.g., State v. Austin,* 520 N.W.2d 564, 569 (N.D.1994) [stating the need for obvious error when an issue is raised for the first time on appeal]. We exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice. *Id.* at 570; *State v. Janda,* 397 N.W.2d 59, 70 (N.D.1986). In our inquiry, we examine the entire record and the probable effect of the alleged error in light of all of the evidence. *State v. Hersch,* 445 N.W.2d 626, 634 (N.D.1989); *State v. Kraft,* 413 N.W.2d 303, 307 (N.D.1987).

█ Our review of jury instructions is also well established. We consider the jury instructions as a whole, and determine whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions when standing alone may be insufficient or erroneous. *State v. Marshall,* 531 N.W.2d 284, 287 (N.D. 1995); *State v. Saul,* 434 N.W.2d 572, 576 (N.D.1989). Although we agree with Woehlhoff that a "proof of the offense" instruction should set forth all of the theft elements, we will not isolate the "proof of the offense" instruction from the trial court's other instructions to the jury.

In this case, the trial court also instructed the jury of the charges against Woehlhoff:

"This is a criminal action prosecuted by [t]he State of North Dakota, as the plaintiff, against Courtney D. Woehlhoff as the defendant. The Information, which is the name of the formal document charging the defendant, alleges that Courtney Woehlhoff committed the crimes of (Count I) Burglary and (Count II) Theft of Property.

The substance of the Information is as follows:

(Count I) That on or about February 18th or 19th, 1993, in Emmons County, the defendant willfully entered a building when it was not open to the public without being invited, licensed or otherwise privileged to enter and that he did so with the intent to commit a crime and (Count II) that the defendant knowingly took or exercised unauthorized control over property having a value exceeding $500 *with intent to deprive the owner thereof.*

The defendant has entered a plea of Not Guilty to each of the charges or counts. He is presumed innocent. It is necessary for the State to prove every material allegation of the Information relating to that particular count to your satisfaction beyond a reasonable doubt. Each count must be separately determined.

If you have a reasonable doubt that the defendant's guilt has been proved as to any count, you must find him Not Guilty as to that count." (emphasis added).

Furthermore, the trial court instructed the jury about reasonable doubt:

"I have told you that the guilt of the defendant must be proved beyond a reasonable doubt. 'Beyond a reasonable doubt' does not mean absolute certainty. The charge has been proved beyond a reasonable doubt if, after considering and comparing all the evidence, you have an abiding conviction amounting to a moral certainty that the charge is true."

Reviewing the jury instructions as a whole, we conclude that the jury was adequately informed of the applicable law. Although it is the State's obligation to prove all elements of the crime, not the defendant's to disprove the elements, the element of intent to deprive the owner of the meat was never contested at trial. The defense was essentially that Woehlhoff was not the person who burgled the store or stole the meat. In this instance, Woehlhoff's alleged defect, in essence the "intent to deprive" element's placement in the jury instructions, does not constitute obvious error.

■ Woehlhoff next asserts that the trial court erred when it denied his motion to suppress evidence because, he alleges, the warrant to search his residence was issued without sufficient probable cause. A probable cause hearing was held on February 19, 1993, and the trial judge issued a search warrant to search all buildings, home(s), and vehicles on Woehlhoff's premises for jeans, boots, meat, and a Coleman cooler. During the search, the Emmons County Sheriff's Department seized a pair of hiking boots and blue jeans which were used as evidence against Woehlhoff at his trial. Woehlhoff urges that the testimony given at the probable cause hearing consisted of mere conclusions, suspicions and conjecture and that no facts were offered to give probable cause that any evidence of crime would be found at Woehlhoff's residence.

■ A trial court determines a search warrant's validity by deciding whether the information provided to the magistrate established probable cause to search. *State v. Lewis,* 527 N.W.2d 658, 661 (N.D.1995). Whether probable cause exists is a question of law. *Id.; Woehlhoff v. State,* 487 N.W.2d 16, 18 (N.D.1992). On appeal, we review the sufficiency of the information before the magistrate, independent of the trial court's decision. *State v. Rydberg,* 519 N.W.2d 306, 308 (N.D.1994); *State v. Frohlich,* 506 N.W.2d 729, 732 (N.D.1993). "[P]robable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Ringquist,* 433 N.W.2d 207, 212 (N.D.1988). We review the totality of the circumstances presented to the magistrate whose "task ... is simply to make a practical, commonsense decision whether, given all the circumstances ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 211 [quoting *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) ]; *see also Lewis,* 527 N.W.2d at 661. Generally deferring to a magistrate's determination of probable cause, we will not disturb a magistrate's conclusion that probable cause exists if there is a substantial basis for the conclusion. *State v.*

*Birk,* 484 N.W.2d 834, 837 (N.D.1992); *State v. Dymowski,* 458 N.W.2d 490, 498 (N.D. 1990).

■ We have repeatedly cautioned that more than "bare-bones" information must be presented to the magistrate and that bare conclusions are insufficient to establish probable cause to search. *See, e.g., State v. Handtmann,* 437 N.W.2d 830, 834 (N.D. 1989). But, as we have also explained:

> "Although each bit of information ..., by itself, may not be enough to establish probable cause and some of the information may have an innocent explanation, ' "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers ... [which is not weighed in] individual layers but [in] the 'laminated' total." ' *United States v. Edwards,* 577 F.2d 883, 895 (5th Cir.1978) (en banc), *cert. denied,* 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978), *quoting Smith v. United States,* 358 F.2d 833, 837 (U.S.App.D.C.1966), *cert. denied,* 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448 (1967)."

*Ringquist,* 433 N.W.2d at 215–16.

Here, Deputy Sheriff Steve Kilde of the Emmons County Sheriff's Department testified in support of his affidavit and application for the search warrant and stated that during an investigation at the butcher shop he and Sheriff Rueben Richter discovered two sets of footprints, tire tracks, and fabric fibers from blue jeans believed to belong to the criminal(s). They recognized one of the sets of footprints and believed that the footprints were made by boots belonging to Courtney Woehlhoff. Deputy Kilde explained that he was able to identify the footprints because they were made by a hiking-type boot with a very unique diamond-shaped tread. He testified that when Woehlhoff was previously incarcerated in the Emmons County jail that Woehlhoff had worn boots with the same diamond-shaped tread. In addition, Deputy Kilde testified that on the morning of February 19, 1993, he had gone to Woehlhoff's residence to serve the defendant with papers for another matter. Deputy Kilde testified that while at Woehlhoff's residence he saw footprints leading to Woehlhoff's garage and home which were the same size and shape as the footprints found outside of Bosch's Butcher Shop.

Deputy Kilde also testified that when the Emmons County Sheriff's Department had conducted a search of Woehlhoff's residence on another occasion that they had noticed that the pickup owned by Woehlhoff's father, but which was driven by Woehlhoff, had "General Ameri-way" tires. Using a tire tread guide, Deputy Kilde identified the tire tracks at the butcher shop as those made by "General Ameri-way" tires.

We conclude that the deputy's personal knowledge gained from his prior experiences involving the defendant and the deputy's observations at the crime scene and outside of Woehlhoff's residence provided the magistrate with a substantial basis to find probable cause to search Woehlhoff's premises.

The judgment of conviction is affirmed.

SANDSTROM, MESCHKE and NEUMANN, JJ., concur.

LEVINE, J., concurs in the result.