**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Kirby SUNDQUIST, Defendant and Appellee.**

Cr. No. 950096.

Supreme Court of North Dakota.

Jan. 9, 1996.

James A. Hope, Assistant State's Attorney, Dickinson, for plaintiff and appellant. Submitted on brief.

Dennis W. Lindquist, Murtha & Murtha, Dickinson, for defendant and appellee. Submitted on brief.

VANDE WALLE, Chief Justice.

The State of North Dakota appealed from an order dismissing a charge against Kirby Sundquist for allegedly violating a domestic violence protection order. We reverse and remand.

A criminal complaint filed against Kirby Sundquist alleged that on or about September 10, 1994, Sundquist violated a domestic violence protection order when he went to the residence of Laurie Sundquist, his former spouse. The protection order had been served on February 24, 1994. Sundquist was charged with a class A misdemeanor under section 14–07.1–06, NDCC. During trial, Sundquist moved for dismissal because the protection order did not include or have attached to it a copy of section 12.1–17–07.1, NDCC, entitled "Stalking." Sundquist claimed that this omission invalidated the protection order.

When considering the motion, the trial court took judicial notice of the civil case file from which the adult abuse protection order ensued. The civil file included an ex parte temporary restraining order which was served on Sundquist in July 1993, and which complied with section 14–07.1–03.1, NDCC, by having attached a copy of the 1993 legislative session's House Bill No. 1237, 1993 N.D. Laws Ch. 120, which was codified as sections 12.1–17–07.1 and 14–07.1–03.1 of the North Dakota Century Code. The trial court granted Sundquist's motion to dismiss, reasoning that because the protection order which formed the basis for the criminal charge did not include or have attached to it a copy of section 12.1–17–07.1, NDCC, as required by section 14–07.1–03.1, NDCC, the protection order did not conform to the statute under which Sundquist was charged.

The sole issue on appeal is whether the district court erred when it granted the defendant's motion to dismiss for the state's failure to comply with section 14–07.1–03.1, NDCC.

Section 14–07.1–03.1, entitled "[n]otification of stalking law," provides that "[w]hen an order is issued under section 14–07.1–02 or 14–07.1–03, the order must include or have attached to it a copy of section 12.1–17–07.1." Here, the protection order was issued pursuant to section 14–07.1–02, but it did not include or have attached to it a copy of section

12.1–17–07.1, NDCC.[1] Sundquist was not charged under section 12.1–17–07.1; rather, he was charged under section 14–07.1–06.[2]

In essence, the State argues that the legislature did not intend a noncompliance with section 14–07.1–03.1, NDCC, to be jurisdictional, asserting that dismissal was an inappropriate sanction for the State's failure to follow section 14–07.1–03.1, NDCC, particularly when Sundquist was not charged under the stalking statute.

We addressed a similar argument in another context in which we determined the propriety of an appeal from an order suppressing evidence when the State failed to file and include a statutorily required prosecutor's statement with the notice of appeal. *See* N.D. Cent.Code § 29–28–07(5) [a suppression order is appealable when accompanied by prosecutor's statement which must be filed with the clerk of district court and a copy must accompany the notice of appeal]. We concluded that the prosecutor's statement was a procedural rather than jurisdictional requirement. *State v. Freed*, 340 N.W.2d 172, 174 (N.D.1983); *State v. Fields*, 294 N.W.2d 404, 406 (N.D.1980). Although procedural, we warned that dismissal may be an appropriate sanction for failure to comply with the statute. *Freed*, 340 N.W.2d at 175–76 (dismissing appeal after previous admonitions for failure to comply with procedure were disregarded); *State v. Perbix*, 331 N.W.2d 14, 16–17 (N.D.1983) [declining to dismiss appeal when prejudice was not shown by the delay].

Likewise, we conclude that the State's failure to comply with section 14–07.1–03.1, NDCC, does not deprive the trial court of jurisdiction to hear the charge against Sundquist. It is a well-established concept that everyone "is charged with knowledge of the provisions of statutes and must take notice thereof." *Lumpkin v. Streifel*, 308 N.W.2d 878, 880 (N.D.1981) [acknowledging that the principle that "ignorance of the law is no

---

1. "Section 12.1–17–07.1. Stalking.
   1. As used in this section:
      a. "Course of conduct" means a pattern of conduct consisting of two or more acts evidencing a continuity of purpose. The term does not include constitutionally protected activity.
      b. "Immediate family" means a spouse, parent, child, or sibling. The term also includes any other individual who regularly resides in the household or who within the prior six months regularly resided in the household.
      c. "Stalk" means to engage in an intentional course of conduct directed at a specific person which frightens, intimidates, or harasses that person, and that serves no legitimate purpose. The course of conduct may be directed toward that person or a member of that person's immediate family and must cause a reasonable person to experience fear, intimidation, or harassment.
   2. No person may intentionally stalk another person.
   3. In any prosecution under this section, it is not a defense that the actor was not given actual notice that the person did not want the actor to contact or follow the person; nor is it a defense that the actor did not intend to frighten, intimidate, or harass the person. An attempt to contact or follow a person after being given actual notice that the person does not want to be contacted or followed is prima facie evidence that the actor intends to stalk that person.
   4. In any prosecution under this section, it is a defense that a private investigator licensed under chapter 43–30 or a peace officer licensed under chapter 12–63 was acting within the scope of employment.
   5. If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.
   6. a. A person who violates this section is guilty of a class C felony if:
      (1) The person previously has been convicted of violating section 12.1–17–01, 12.1–17–01.1, 12.1–17–02, 12.1–17–04, 12.1–17–05, or 12.1–17–07 or a similar offense in another state, involving the victim of the stalking;
      (2) The stalking violates a court order issued under chapter 14–07.1 protecting the victim of the stalking, if the person had notice of the court order; or
      (3) The person previously has been convicted of violating this section.
      b. If subdivision a does not apply, a person who violates this section is guilty of a class A misdemeanor."

2. "Section 14–07.1–06. Penalty for violation of a protection order. Whenever a protection order is granted pursuant to section 14–07.1–02 or 14–07.1–03 and the respondent or person to be restrained has been served a copy of the order, a violation of the order is a class A misdemeanor and also constitutes contempt of court. A second or subsequent violation of a protection order is a class C felony subject to the penalties therefor."

excuse" is "firmly embedded" in legal proceedings]; *see also State v. Pyle,* 71 N.W.2d 342, 346 (N.D.1955) [recognizing the rule that ignorance of the law is not an excuse for violating a criminal statute]. Thus, we look to the legislative history to determine the legislative intent of House Bill No. 1237. We are enlightened as to the legislative intent by Representative Ron Carlisle, a sponsor of House Bill No. 1237, who testified:

"Under this bill, if a protection order is issued against someone, that individual must be informed by the court of the penalty for stalking. Hopefully, this will prevent the intimidating or violent conduct by those ordered to stay away from others. . . . I believe this Bill . . . would help protect the rights of victims and potential victims in North Dakota."

Senate Standing Committee Minutes, 1993, hearing before the Judiciary Committee on HB 1237, March 8, 1993. Similar sentiments were given by Jim Vukelic, Chief Deputy Attorney General. *Id.* In essence, section 14–07.1–03.1, NDCC, is intended to protect potential victims by emphasizing to the restrained party the potential consequences of violating a protection order in the hope that the emphasis will have a prophylactic effect: the restrained party will follow the protection order. Thus, the intended beneficiary of such "notification" is the individual who sought the protection order in the first place. We conclude that the Legislature did not intend to create an excuse for ignorance of the law and exception to the well-established concept of knowledge of the law or intend section 14–07.1–03.1, NDCC, to be a jurisdictional requirement which would, in effect, shelter the alleged violator of a protection order from prosecution if a copy of section 12.1–17–07.1, NDCC, did not accompany the protection order.

We do not condone the State's noncompliance with the statutory procedure. As we have stated, dismissal might be an appropriate sanction when a statute is not followed and actual prejudice is shown. Although prejudice might be presumed from failure to attach the copy of the statute defining stalking and the penalties for violation, we note that, in this instance, such prejudice is un-

likely in view of the purpose of the law and since Sundquist had actual notice of the stalking law as of July 1993, when a copy was attached to the ex parte temporary restraining order. Furthermore, the adult abuse protection order stated that a violation of the order may be a class A misdemeanor, with which Sundquist was charged. In any event, Sundquist was not given the opportunity by the trial court to show prejudice and will be afforded the opportunity to show prejudice on remand.

We reverse and remand for further proceedings consistent with this opinion.

SANDSTROM and NEUMANN, JJ., concur.

MESCHKE, J., concurs in the result.

LEVINE, J., dissents.