STATE of North Dakota, Plaintiff
and Appellee,

v.

Robert John FALCON, Defendant
and Appellant.

Cr. No. 950314.

Supreme Court of North Dakota.

April 23, 1996.

John P. Van Grinsven III, Assistant State's Attorney, Minot, for plaintiff and appellee.

Wayne D. Goter of Wheeler Wolf, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

Following complaints from Frances Falcon of assault, two officers arrested Robert Falcon in his home. Just before the arrest, Robert Falcon admitted he was carrying a gun in his pocket, and he fled to another part of the house. He appeals from two judgments of conviction for the crimes of terrorizing and preventing an arrest. Robert Falcon asserts a claim of ineffective assistance of counsel.

We affirm.

I

On January 1, 1995, Frances Falcon, Robert Falcon's former wife, arrived at the Mercier family residence, about a block from Falcon's home. Frances Falcon appeared

nervous and scared. Mercier testified Frances Falcon called her mother and then called the Minot Police Department, alleging Robert Falcon had pulled a gun on her during an argument. Mercier further testified Frances Falcon told her Robert Falcon had put the gun to her chest.

Officer Long responded to the call. Officer Long arrived at the Mercier residence shortly after receiving the dispatch. Long testified Frances Falcon appeared to be crying, shaken, scared, and nervous. Long observed the left side of Frances Falcon's face was red. Frances Falcon told the officer Robert Falcon had assaulted her and pulled a gun on her.

Three officers accompanied Officer Long to Robert Falcon's home to investigate. Robert Falcon came to the door and visited with the officers. Long advised Robert Falcon of Frances Falcon's allegations and asked him if he had a handgun. Robert Falcon acknowledged he did and motioned toward his pants. Officer Long asked if he wanted to make a statement, to which he replied he did not. Officer Long again asked him if he had a gun, and Robert Falcon responded, "Yeah, so what." Officer Long then advised him he was under arrest. Robert Falcon responded by swearing and attempting to shut the door. He then fled down the hallway and barricaded himself in a bedroom.

The officers entered Robert Falcon's home and convinced him to give himself up. Robert Falcon was arrested. The warrantless search resulted in the officers seizing a 9mm firearm, found just behind the door to the bedroom, lying on the floor.

A jury trial was held, and Robert Falcon was found guilty of "Preventing Arrest or Discharge of Other Duties" and "Terrorizing." The jury also returned a special verdict, finding Robert Falcon had used a dangerous weapon or firearm, resulting in a minimum two-year sentence without parole. Robert Falcon appeals the criminal Judgments, claiming he was denied effective assistance of counsel in violation of his constitutional rights.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 29–01–12, –28–06.

## II

Robert Falcon argues his trial counsel's failure to move the court to suppress the evidence obtained in the warrantless search denied him effective assistance of counsel. On this direct appeal, he argues the record includes enough evidence for this Court to rule on his claim without further evidentiary hearings.

■ Effective assistance of counsel is guaranteed a defendant under the Sixth Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, and by Article I, § 12, of the North Dakota Constitution. *State v. Ricehill,* 415 N.W.2d 481, 484 (N.D.1987). In analyzing an ineffective assistance of counsel claim, this Court uses the test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ricehill; see, e.g., State v. Micko,* 393 N.W.2d 741 (N.D. 1986); *State v. Patten,* 353 N.W.2d 30 (N.D. 1984). The convicted defendant must show the representation "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ricehill* (quoting *Strickland* ).

■ This Court reviews the entire record on appeal, and "if we can say that the defendant has been denied the effective assistance of counsel, we will reverse and remand for a new trial." *State v. Woehlhoff,* 473 N.W.2d 446, 449 (N.D.1991).

■ As the record in this matter was developed for the offenses with which Falcon was charged, not for his claim of ineffective counsel, we do not have the benefit of any evidence concerning his claim on appeal. Unless the record "affirmatively shows ineffectiveness of constitutional dimensions,"

parties must provide this Court with some evidence in the record to support their claim. *Ricehill* at 485. The representations and assertions of counsel are not enough. *Ricehill* at 484. We require "some form of proof, e.g., an affidavit by the proposed witness, or testimony in a post-conviction-relief proceeding." *Ricehill.* We recently noted "[w]ithout a record scrutinizing the reasons underlying counsel's conduct, adjudging [counsel's conduct] subpar is virtually impossible." *State v. Torres,* 529 N.W.2d 853, 856 (N.D. 1995) (quoting *State v. Denney,* 417 N.W.2d 181, 182–183 (N.D.1987)).

■ There is no evidence on the record concerning Falcon's claim of ineffective assistance of counsel, and the record does not affirmatively show Falcon's trial counsel was constitutionally ineffective. When the record is not adequate and no other issues are raised, the defendant may pursue the claim at a post-conviction proceeding where an adequate record can be developed. *State v. Bengson,* 541 N.W.2d 702 (N.D.1996) (quoting *State v. Denney,* 417 N.W.2d 181, 183 (N.D.1987)).

### III

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

MARING, J., was not a member of the Court when this case was heard and did not participate in this decision.