STATE of North Dakota, Plaintiff
and Appellee,

v.

Kevin Kelly KELLER, Defendant
and Appellant.

Criminal No. 950394.

Supreme Court of North Dakota.

June 27, 1996.

Brian D. Grosinger (argued), Assistant State's Attorney, Mandan, for plaintiff and appellee.

Wheeler Wolf, Bismarck, for defendant and appellant; argued by Wayne D. Goter, Bismarck.

MESCHKE, Justice.

Kevin Kelly Keller appeals from his conviction for stalking. We affirm.

On July 11, 1994, a Burleigh County Deputy Sheriff served a domestic-violence protection order on Kevin. The protection order, issued under NDCC 14–07.1–02, prohibited Kevin from contacting his then wife, Marcia, or from coming within 100 feet of her house or place of work, except to arrange the removal of his personal property from the house. The protection order also required Kevin to return a vehicle to Marcia while accompanied by a peace officer. The protection order specifically warned that "violation of this Order is a crime for which you may be arrested and is also criminal contempt of court."

On September 29, 1994, Marcia signed a criminal complaint that Kevin violated NDCC 12.1–17–07.1 when he "stalked" her. At a later jury trial, Marcia testified that Kevin had called her about twenty times between July 11 and September 24, and that he had made personal contact with her on three separate occasions when he was not accompanied by a peace officer. Kevin denied making the phone calls and one of the incidents of personal contact, and testified that the other two instances of personal contact were accidental. The jury found Kevin guilty of stalking, and he was sentenced to

five years in the penitentiary, with three years conditionally suspended for three years.

Kevin appeals, arguing that the trial court lacked jurisdiction to try him for stalking because a copy of the stalking statute was not attached to the July 11 protection order. NDCC 14–07.1–03.1 says: "When an order is issued under section 14–07.1–02 or 14–07.1–03, the order must include or have attached to it a copy of section 12.1–17–07.1." Kevin concedes, however, that he failed to present this argument to the trial court.

Generally, a defendant cannot raise an argument for the first time on appeal when it was not made to the trial court for its consideration. *See State v. Woehlhoff,* 540 N.W.2d 162, 164 (N.D.1995); *City of Fargo v. Hector,* 534 N.W.2d 821, 822 (N.D.1995). A narrow exception to this rule allows "[o]bvious errors or defects affecting substantial rights [to] be noticed although they were not brought to the attention of the court." NDRCrimP 52(b); *see Woehlhoff,* 540 N.W.2d at 164. Kevin asserts that we can consider his argument because, under NDRCrimP 52(b), the "trial court's failure to recognize a lack of jurisdiction constituted an obvious error affecting [his] substantial rights."

"We exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice," we have often explained. *Woehlhoff,* 540 N.W.2d at 164; *see State v. Murphy,* 527 N.W.2d 254, 256–57 (N.D.1995). We are not convinced this alleged error is obvious, especially in light of our recent opinion in *State v. Sundquist,* 542 N.W.2d 90 (N.D.1996), where we held the State's noncompliance with NDCC 14–07.1–03.1 did not deprive the trial court of jurisdiction to try Sundquist for violating a protection order. Therefore, we decline to address this argument.

Kevin argues there was insufficient evidence for the jury to find him guilty of stalking. Specifically, because the protection order allowed him to contact Marcia to arrange the retrieval of his personal property, Kevin asserts the State failed to prove his contact with Marcia lacked a "legitimate purpose." *See* NDCC 12.1–17–07.1(1)(c). We disagree.

"Our review of the sufficiency of the evidence for a criminal conviction is limited, and we do not reweigh the evidence nor judge the credibility of witnesses." *State v. Torres,* 529 N.W.2d 853, 855 (N.D.1995); *see State v. Carriere,* 545 N.W.2d 773, 776–77 (N.D.1996). Rather, we "must assume that the jury believed the evidence that supports the verdict and disbelieved any contrary evidence." *State v. Austin,* 520 N.W.2d 564, 570 (N.D.1994); *see State v. Purdy,* 491 N.W.2d 402, 410 (N.D.1992). We will only reverse a criminal conviction if, after viewing the evidence and all inferences in the light most favorable to the verdict, no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *State v. Zurmiller,* 544 N.W.2d 139, 141 (N.D.1996); *State v. Gonderman,* 531 N.W.2d 11, 16 (N.D.1995); *Austin,* 520 N.W.2d at 570. Under this standard of review, we conclude the evidence presented at trial, especially Marcia's testimony about Kevin's personal contacts with her, was more than sufficient for the guilty verdict.

We affirm Kevin's conviction.

VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.