2007 ND 2

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Wayne ZAHN, Defendant and Appellant.**

**Nos. 20060045, 20060046, 20060047.**

Supreme Court of North Dakota.

Jan. 11, 2007.

Robert P. Bennett (argued), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for plaintiff and appellee.

TaLisa A. Nemec (argued), Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Wayne Zahn appeals from judgments of conviction entered upon jury verdicts for reckless endangerment and seven counts of a violation of a protection order. We conclude a party may not collaterally challenge the validity of a protection order without first raising the issue with the trial court, service of the application for a protection order is not a prerequisite to a criminal conviction for a violation of the order under N.D.C.C. § 14–07.1–06, and there was sufficient evidence to support the jury verdict for reckless endangerment. We affirm.

I

[¶ 2] Zahn and his brother have had a tenuous relationship for years. In September of 2005, Zahn's brother petitioned the district court for an ex parte temporary protection order. On September 14, 2005, the court issued the temporary order, preventing Zahn from having contact with his brother, excluding Zahn from his brother's residence, and requiring Zahn to surrender his firearms or other weapons. On September 18, 2005, the order was served on Zahn, but a copy of the application for the protection order was not

served with it. The protection order was amended and served again on October 5. Again, a copy of the application for the amended protection order was not served on Zahn. While the protection order was in effect, Zahn made several telephone calls to his brother's home in violation of the order.

[¶ 3] Zahn's brother also complained that Zahn had fired a rifle in the brother's direction while the brother was working in a ditch. Zahn's brother testified he saw Zahn and a passenger drive by him and park approximately 200 yards away. Although Zahn's brother did not see Zahn fire a rifle, the brother testified he heard a whistling noise from what he thought was a bullet traveling overhead, and a rifle report. Shortly after hearing the noises, the brother saw Zahn and the passenger drive off. At trial, Zahn and the passenger disputed his brother's allegation, testifying Zahn did not fire a rifle in his brother's direction. After weighing the conflicting testimony, a jury convicted Zahn of reckless endangerment and seven counts of violating a protection order.

## II

[¶ 4] On appeal, Zahn argues the protection order was invalid because the State failed to serve the application for the order with the temporary protection order, as specified in N.D.C.C. § 14–07.1–03. Zahn concedes he failed to present this argument at the trial court. Zahn also argues the evidence was insufficient to support a jury verdict for reckless endangerment. The State argues the service of an application for the protection order is not required for the validity of the order, and

the evidence was sufficient to support Zahn's conviction for reckless endangerment.

## III

[¶ 5] Zahn argues he cannot be held criminally responsible for violating the protection order because he claims it is invalid. Zahn did not challenge the validity of the protection order in the court that issued the order.[1] In essence, Zahn is collaterally attacking the validity of the protection order after failing to present his argument to the trial court.

[¶ 6] Generally, a defendant cannot raise an argument for the first time on appeal when it was not made at the trial court for its consideration. *State v. Myers*, 2006 ND 242, ¶ 16, 724 N.W.2d 168; *State v. Keller*, 550 N.W.2d 411, 412 (N.D.1996); *State v. Woehlhoff*, 540 N.W.2d 162, 164 (N.D.1995); *City of Fargo v. Hector*, 534 N.W.2d 821, 822 (N.D.1995); *State v. Brown*, 420 N.W.2d 5, 7 (N.D. 1988). By statute, a temporary protection order issued under N.D.C.C. § 14–07.1–03 "remains in effect until an order issued under section 14–07.1–02 is served," unless the temporary order is otherwise terminated by the court. N.D.C.C. § 14–07.1–03(3). Further, a court order is presumed to be valid unless the court lacked jurisdiction over the matter. *Gruebele v. Gruebele*, 338 N.W.2d 805, 810 (N.D.1983); 56 Am.Jur.2d *Motions, Rules, and Orders* § 54 (2006) (providing that orders must be obeyed until reversed, modified, or set aside). "Jurisdiction will be deemed to exist in the face of a collateral attack unless the record affirmatively shows that the tribunal did not have jurisdiction to

---

1. We do not condone the State's noncompliance with the service requirements of N.D.C.C. § 14–07.1–03(4). A copy of the application must be served to allow the respondent to prepare for the permanent domestic violence protection order hearing. Dismissal of the protection order proceeding may have resulted from the failure to serve the application had Zahn raised this issue before the court issuing the protection order.

make the order in question." *Gruebele*, at 810 (internal quotations omitted). The district court that issued the protection order had jurisdiction over the matter under N.D. Const. art. VI, § 8, N.D.C.C. § 27–05–06, and N.D.C.C. ch. 14–07.1.

[¶ 7] Here, Zahn had the opportunity to present his argument to the court that issued the protection orders. Both protection orders set hearing dates within fourteen days of their respective issuance dates. Zahn failed to appear at these hearings to challenge the issuance of the orders. Zahn makes no showing the court was without jurisdiction to issue the order. As such, the order was valid and in effect at the time he concededly violated it. Zahn cannot merely claim he was not subject to criminal liability because the order he violated was invalid.

IV

[¶ 8] Zahn argues, as a matter of law, he cannot be convicted of violating a protection order under N.D.C.C. § 14–07.1–06 unless the State proved the service of the order was accompanied by a copy of the application for the order. In pertinent part, section 14–07.1–06 provides:

> Whenever a protection order is granted under section ... 14–07.1–03 and the respondent ... has been served a copy of the order, the first violation of any order is a class A misdemeanor and also constitutes contempt of court. A second or subsequent violation of any protection order is a class C felony.

Zahn argues section 14–07.1–06 is ambiguous because it requires the State to only serve a copy of the order, whereas N.D.C.C. § 14–07.1–03(4) requires the State to also serve a copy of the application and notice of a hearing date. Section 14–07.1–03(4) provides:

> A full hearing as provided by section 14–07.1–02 must be set for not later than fourteen days from the issuance of the temporary order. The respondent must be served forthwith with a copy of the ex parte order along with a copy of the application and notice of the date set for the hearing.

Zahn argues the State must prove he was served with both the "order" and the "application." Otherwise, he argues, the language referring to the application in N.D.C.C. § 14–07.1–03(4) is surplusage.

[¶ 9] The primary goal in interpreting statutes is to ascertain the Legislature's intent. *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105 (*Buchholz I*) (quoting *State v. Laib*, 2002 ND 95, ¶ 13, 644 N.W.2d 878). "Legislative intent must first be sought from the language of the statute." *Adams County Record v. Greater N.D. Ass'n*, 529 N.W.2d 830, 833 (N.D.1995); *Burlington N.R.R. v. State*, 500 N.W.2d 615, 617 (N.D.1993). We give the words their plain, ordinary, and commonly understood meaning. *Buchholz I*, at ¶ 6; N.D.C.C. § 1–02–03. The Court interprets statutes "to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage." *Buchholz I*, at ¶ 6 (quoting *Laib*, at ¶ 13). If possible, we construe statutes on the same subject to harmonize them and to give full force and effect to the Legislature's intent. *State v. Higgins*, 2004 ND 115, ¶ 13, 680 N.W.2d 645. We construe statutes relating to the same subject matter to give effect to both. *Id.* If the statute's language is ambiguous, we can consider extrinsic aids to determine the Legislature's intent. *Id.*; N.D.C.C. § 1–02–39. Ambiguous statutes are construed against the government and in favor of the defendant. *Higgins*, at ¶ 13.

[¶ 10] Zahn's argument is analogous to the issue presented in *State v. Sundquist*, 542 N.W.2d 90 (N.D.1996). In *Sundquist*,

the defendant argued the failure to attach a copy of the stalking law invalidated a protection order. *Id.* at 90. The trial court granted Sundquist's motion to dismiss the protection order violation because "the protection order which formed the basis for the criminal charge did not include or have attached to it a copy of [the stalking law]. . . ." *Id.* Therefore, the trial court reasoned, "the protection order did not conform to the statute under which Sundquist was charged." *Id.* We reversed and remanded, holding the "State's failure to comply with section 14–07.1–03.1[did] not deprive the trial court of jurisdiction to hear the charge against Sundquist." *Id.* at 91. In other words, we held that a technical violation of the service requirement "was procedural rather than jurisdictional. . . ." *Id.*

[¶ 11]  Contrary to Zahn's position, the requirements of N.D.C.C. § 14–07.1–06 are clear. From the plain meaning of section 14–07.1–06, the Legislature clearly intended for only the service of the protection order as a prerequisite to a criminal action. In other sections in chapter 14–07.1, the Legislature used the phrase "along with a copy of the application" where it intended to do so. Service of the protection order and conduct violating the restraints imposed by the order are the only prerequisites to criminal liability under N.D.C.C. § 14–07.1–06. A copy of the application for the order is not required to be served for criminal prosecution purposes.

## V

[¶ 12]  Zahn argues the evidence does not support the guilty verdict on the reckless endangerment charge. Zahn contends that had he fired a rifle at his brother on the date alleged, it would have been disclosed in the amended protection order application, which was filed after the shooting incident. Zahn and his passenger testified he did not fire a rifle in his brother's direction. Zahn's brother, however, testified he heard the shot after he watched Zahn park approximately 200 yards away. The brother also testified he has been a hunter for more than 40 years and knows what a rifle report sounds like.

[¶ 13]  Under our standard of review for "insufficiency of the evidence" claims, Zahn's claim is without merit. As we recently explained in *State v. Buchholz*, 2006 ND 227, 723 N.W.2d 534 (*Buchholz II*):

> When we review a challenge to the sufficiency of the evidence, we only consider the evidence and reasonable inferences most favorable to the verdict to determine if there is sufficient evidence to warrant a conviction. *State v. Bertram*, 2006 ND 10, ¶ 5, 708 N.W.2d 913. " 'A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt.' " *Id.* (quoting *State v. Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819). We do not weigh conflicting evidence or judge witness credibility. *Bertram*, at ¶ 5.

*Buchholz II*, at ¶ 20. Here, the jury was presented with diametrically opposed testimony concerning the rifle shot. That is, the jury was asked to weigh conflicting evidence and judge the credibility of the witnesses. The jury, believing his brother's testimony, found Zahn guilty of reckless endangerment. We do not weigh conflicting evidence. *Id.* In evaluating the evidence in the light most favorable to the prosecution, the evidence was sufficient to support the jury verdict.

## VI

[¶ 14]  We hold a party may not collaterally challenge the validity of a protection order without first raising the issue in the court that issued the order, service of the application for a protection order is not a prerequisite to a criminal conviction for a violation of the order under N.D.C.C. § 14–07.1–06, and there was sufficient evidence to support the jury verdict for reckless endangerment.  The judgments of conviction are affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J.

I concur in the result.