FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 238

James Ryan Burden,                                 Petitioner and Appellant

v.

State of North Dakota,                             Respondent and Appellee

### No. 20200143

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Per Curiam.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Thomas A. Gehrz, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee.

## Burden v. State
## No. 20200143

**Per Curiam.**

[¶1]   James Ryan Burden appeals from an order denying his application for post-conviction relief following an evidentiary hearing.  Burden was charged with luring minors by computer or other electronic means, a class B felony.  Burden pleaded guilty under a plea agreement to an amended misdemeanor charge for contributing to the deprivation or delinquency of a minor on March 16, 2017.  On appeal, Burden argues he received ineffective assistance of counsel when his attorney advised him to waive his preliminary hearing.

[¶2]   A defendant must demonstrate both deficient representation by counsel and prejudice caused by the deficient representation to succeed in a post-conviction relief action.  *Woehlhoff v. State*, 487 N.W.2d 16, 17 (N.D. 1992); *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  The district court found that Burden had not established prejudice.

[¶3]   We conclude the district court's findings regarding Burden's failure to establish prejudice are not clearly erroneous.  "Courts need not address both prongs of the Strickland test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277.  The court did not err in denying Burden's application for post-conviction relief, and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶4]   Daniel J. Crothers, Acting C.J.
       Gerald W. VandeWalle
       Jerod E. Tufte
       Lisa Fair McEvers
       Dann E. Greenwood, D.J.


[¶5]   The Honorable Dann E. Greenwood, D.J., sitting in place of Jenson, C.J., disqualified.