2017 ND 143

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Precious BAILEY, Defendant and Appellant**

**No. 20160351**

Supreme Court of North Dakota.

Filed 6/7/2017

Ashley K. Schell, Minot, ND, for plaintiff and appellee; on brief.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant; on brief.

Crothers, Justice.

[¶ 1] Precious Bailey appeals a criminal judgment entered after a jury found her guilty of possessing a controlled substance with the intent to deliver. Bailey argues the district court erred by excluding hearsay testimony after analyzing the credibility of the witness she wanted to testify on her behalf. We affirm.

I

[¶ 2] In September 2015 Bailey was arrested for driving under suspension. According to the affidavit of probable cause and as testified to at trial, a corrections officer felt something "crinkling" in Bailey's bra while booking her into jail. The officer placed Bailey in a holding cell. The officer returned to take Bailey to a restroom to perform a further search. While Bailey was being searched other officers entered the holding cell and under the bench discovered a black bundle containing smalls pills. The officers identified the pills as Oxycodone. Bailey was charged with possessing a controlled substance with the intent to deliver.

[¶ 3] Bailey indicated she intended to present evidence through the testimony of Brittany Beeter. According to Bailey, Beeter would testify that another inmate, Valarie Miller, told her Bailey was charged with pills Miller left in the booking area. Bailey indicated she attempted to subpoena Miller but was unsuccessful. Bailey was informed by jail staff that Miller had another warrant out on her and was unlikely

to be found. The district court did not allow Beeter to testify, determining Beeter's multiple convictions for false reports to law enforcement did not indicate reliability as required under N.D.R.Ev. 804(b)(3). A jury found Bailey guilty of possessing a controlled substance with the intent to deliver and driving under suspension. Bailey appeals.

## II

■ [¶ 4] Bailey argues the district court erred by not allowing her to present testimony from Beeter, who claimed inmate Miller told her Bailey was charged with possession of Miller's pills. Bailey argues the district court erred by weighing the credibility of Beeter's potential testimony and thus abused its discretion by not allowing Beeter to testify. "A district court's exclusion or admission of evidence under N.D.R.Ev. 804 will not be overturned on appeal unless the court abused its discretion." *State v. Stridiron*, 2010 ND 19, ¶ 21, 777 N.W.2d 892.

[¶ 5] Bailey claimed Miller's statement was admissible as a statement against interest under N.D.R.Ev. 804(b)(3). The State objected to the testimony, arguing it was not established that Miller was unavailable to testify and there were no corroborating circumstances clearly indicating the trustworthiness of the statement.

[¶ 6] Under N.D.R.Ev. 804(b)(3), a statement against interest is an exception to the hearsay rule if the declarant is unavailable as a witness:

"Statement Against Interest. A statement that:

(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's

claim against someone else or to expose the declarant to civil or criminal liability; and

(B) if it is offered in a criminal case to exculpate the accused, is supported by corroborating circumstances that clearly indicate its trustworthiness as a statement that tends to expose the declarant to criminal liability.

A statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both the declarant and the accused, is not within this exception."

[¶ 7] A statement against interest under N.D.R.Ev. 804(b)(3) contains three requirements:

" '(1) the declarant must be unavailable to testify at trial, (2) the statement, at the time of its making, must subject the declarant to criminal liability such that a reasonable person would not have made the statement without believing it to be true, and (3) a statement tending to expose the declarant to criminal liability and offering to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.' "

*State v. Stridiron*, 2010 ND 19, ¶ 21, 777 N.W.2d 892 (quoting *State v. Lefthand*, 523 N.W.2d 63, 68–69 (N.D. 1994)).

[¶ 8] In *Stridiron* this Court held "the district court should analyze both the credibility of the in-court witness and the reliability of the out-of-court declarant" when determining "corroborating circumstances" under N.D.R.Ev. 804(b)(3). 2010 ND 19, ¶ 24, 777 N.W.2d 892. This Court provided a nonexclusive list of factors a district court can consider when analyzing the veracity of the in-court witness and the reliability of the out-of-court declarant:

" '(1) whether there is any apparent motive for the out-of-court declarant to misrepresent the matter, (2) the general character of the speaker, (3) whether other people heard the out-of-court statement, (4) whether the statement was made spontaneously, (5) the timing of the declaration and the relationship between the speaker and the witness.' "
*Id.* at ¶ 25 (quoting *United States v. Rasmussen*, 790 F.2d 55, 56 (8th Cir. 1986)). In *Stridiron* this Court held the district court properly analyzed the corroborating circumstances requirement when it determined the witness had a motive to fabricate the declarant's statement and other factors appeared to cast doubt on the veracity of the witness. *Id.* at ¶¶ 26–27.

[¶ 9] Bailey contends *Stridiron* does not control this case, but argues Beeter's credibility should have been for the jury to determine, citing N.D.R.Ev. 104(e) which states:

> **"Evidence Relevant to Weight and Credibility.** This rule does not limit a party's right to introduce before the jury evidence that is relevant to the weight or credibility of other evidence."

■ [¶ 10] Whether evidence is admissible is a preliminary question for the district court to decide. N.D.R.Ev. 104(a). Rule 104(a), N.D.R.Ev., states: "The court must decide any preliminary question about whether a witness is qualified, a privilege exists or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Rule 104(a), N.D.R.Ev., enables the district court to make a threshold determination of admissibility and after that determination "it is for the jury to assess the weight and credibility of the evidence." *State v. Vogel*, 467 N.W.2d 86, 91 (N.D. 1991); *see also State v. Stroh*, 2011 ND 139, ¶ 6, 800 N.W.2d 276 (holding "[t]he admissibility of a test result for alcohol concentration is a preliminary question left to the discretion of the trial court.") (internal citations omitted); *State v. Miller*, 466 N.W.2d 128, 131 (N.D. 1991) ("The trial court controls admission and exclusion of evidence.").

■ [¶ 11] Reading N.D.R.Ev. 804(b)(3) consistent with N.D.R.Ev. 104(a) and *Stridiron*, it is the district court's role to determine whether corroborating circumstances indicate the trustworthiness of the statement and in so doing, it is a preliminary question about whether the evidence is admissible.

■ [¶ 12] Here, the district court inquired into the efforts to locate Miller, but did not make any findings regarding Miller's unavailability. The district court stated:

> "Let's say you have already satisfied subsection (a) that you are not able to find the declarant because they haven't been able to, by process or other reasonable means, to secure their attendance. What corroborating circumstances clearly indicate trustworthiness of the statement that—that tends to expose the declarant to criminal liability?"

The district court then reviewed the criminal records of witness Beeter, and declarant Miller:

> "THE COURT: Well, I am looking at her record, Valarie Miller's record. We have Possession of Paraphernalia, Failure to Appear, Reports to Law Enforcement Officers, Refusing to Halt, Petty Theft, a failure to pay fines, Care Required, Driving Under Suspensions, she's got a few of those and No Liability Insurance.
>
> MR. TRAISER: So at least in this state she doesn't have any oxycodone convictions that the Court is able to see there?
>
> THE COURT: Possession of Drug Paraphernalia.

MS. GULKE: That is listed as her second offense, but I am not sure why because I can't find her first offense. Is that—

THE COURT: I don't know why either, but she has no possession of oxycodone, no attempt to deliver, nothing along that line. And, the other person was Brittany Beeter?

MS. GULKE: Brittany Beeter, yes.

THE COURT: Let me see. A Minor, a DUI, Possession of Paraphernalia, Aggravated Reckless Driving, Paraphernalia, Reports to Law Enforcement Officers, Unauthorized Use of a Vehicle, Driving While License Privilege is Suspended, another Paraphernalia, another Reckless, another Paraphernalia, another Reports, Unauthorized Use of a Motor Vehicle and Driving While Suspended, no, that is the same one, it didn't change for some reason. There we go, my Odyssey wheel is spinning. Now it is not working.

MS. GULKE: Neither is mine.

THE COURT: It just went down. Let's try this one more time.

MR. TRAISER: Well, I guess regardless, you have a witness who has lied to law enforcement in the past, who is trying to pin this on someone who—

THE COURT: Has also lied to law enforcement.

MR. TRAISER: Okay. So both unreliable, I don't think that makes the statement come in, and who doesn't have convictions, at least that I am aware of, on oxycodone or possession of intent even.

THE COURT: Yes, and here is the problem I see as I am hitting page 2 of Brittany Beeter, there is another Criminal Trespass, there is another Reports, and there is yet a third Reports and a Forgery or Counterfeiting, which would also indicate to me a lack of trustworthiness. Attempting to Elude a Police Officer, I mean these are just some of the charges. There are multiple charges in a lot of these.

MS. GULKE: May I speak to that, Your Honor?

THE COURT: Hold on, let me get to the last page. Disobedience of a Judicial Order is another one, Failure to Appear. You may speak. Okay. Go ahead.

MS. GULKE: So I know of two cases where the State was going to call her as a star witness. So if she is so unreliable as to who she purchased drugs from, and that involved heroin and pills, and that was Brandon Chandler and Mr. Seney. I see that Chandler has pled out, and I can't get over to Mr. Seney's file, so I don't know if they plan on calling her then, but if they can't—if they are saying she is so unreliable, then they shouldn't be able to call her for their own cases.

THE COURT: Well that's—but, it is not a requirement that you be reliable or not reliable if making direct testimony. Here you are having her testify as to a hearsay statement that is supposedly an exception under Rule 804 and 804(b)(3) requires there to be some sort of corroborating circumstances that clearly indicate the trustworthiness of the statement, and <u>Stridiron</u> says I am to analyze the credibility and the out-of-court declarant. The out-of-court declarant has a conviction for reports, and Ms. Beeter has multiple convictions for r (sic) Reports to Law Enforcement Officers. That doesn't indicate reliability as required by the rule, and your representation that she has other convictions, that doesn't apply to Ms. Miller. She doesn't have—she has paraphernalia convictions, but she doesn't have anything in terms of a possession of oxycodone or any opiate, or distribution of any opiate.

MR. TRAISER: And I want to be clear that that's what I am aware of. I haven't run her out-of-state criminal history. All right. Well, this is in this state. She's got thirteen files in state I should say. Ms. Beeter has twenty-eight files. I mean, not all of them are criminal, but the vast majority of them are. SO (sic) the Court is not going to allow Ms. Beeter to testify at trial.

MS. GULKE: If that is the case then the order to transport should probably be—we should let the Sheriff know, or you can vacate that order or something so they don't bother to bring her up.

THE COURT: Rhonda, can you send an email to Mr.—or actually, I could probably call Todd after this—Deputy Palumbo—or I should say, Sergeant Palumbo. Okay. What other issues do we need to address?"

[¶ 13] Under *Stridiron* and N.D.R.Ev. 104(a) the district court did not err by weighing Beeter's credibility. The district court found Beeter's criminal history did not indicate reliability as required by N.D.R.Ev. 804(b)(3) and did not allow Beeter to testify. The district court reasoned Beeter's multiple convictions for false reports to law enforcement did not indicate reliability, and thus corroborating circumstances did not "clearly indicate the trustworthiness of the statement." *State v. Stridiron*, 2010 ND 19, ¶ 21, 777 N.W.2d 892. The district court properly analyzed the credibility of Beeter's potential testimony and thus did not abuse its discretion by not allowing Beeter to testify.

### III

[¶ 14] We affirm the criminal judgment.

[¶ 15] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.